Eways, Appellant, *v.* Board of Road Supervisors.

Argued April 29, 1966. Before MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*C. Wilson Austin*, with him *Speicher, Austin, Connor and Giorgi*, for appellants.

*Samuel B. Russell,* with him *Robert Moore,* and *Ryan & Russell,* and *Rhoads, Sinon & Reader,* for appellees.

OPINION BY MR. JUSTICE ROBERTS, June 24, 1966:

This appeal arises out of a dispute in which appellants, taxpayers of the Township of Exeter, Berks County, Pennsylvania, sought to restrain appellees, the Board of Supervisors of Exeter Township and the Exeter Municipal Authority, from proceeding with the proposed construction of a sanitary sewage disposal system. Appellants' complaint alleged fraud and manifest abuse of discretion on the part of appellees in the planning and design of the proposed system.

At trial, no evidence was adduced by appellants in support of the allegation of fraud, the evidence introduced being directed to establishing that appellees had committed a manifest abuse of discretion in approving the construction of a system more extensive than that which appellants considered economically feasible. At the conclusion of appellants' evidence, the chancellor granted appellees' motion for a compulsory nonsuit. The court en banc, after argument, refused a motion for the removal of the nonsuit and this appeal followed.

Appellants do not contest the right of appellee Exeter Municipal Authority to engage in the project in dispute, the power to do so having been explicitly granted by the Act of May 2, 1945, P. L. 382, §4, as amended, 53 P.S. §306. The sole disagreement between the parties lies in the manner by which appellees have elected to proceed, and, more specifically, with the size of the proposed system. Appellants have expressed a preference for a more limited system than that contemplated by appellees' project, urging that the additional number of persons to be served by the more extensive system planned by appellees does not warrant the expenditure involved.

In considering whether the refusal of the court en banc to remove the nonsuit was error, we start with the well-settled proposition that in the absence of bad faith, fraud, capricious conduct or abuse of power, courts will not interfere with the acts of governmental or administrative bodies involving the exercise of discretion. *Faranda Appeal*, 420 Pa. 295, 300, 216 A. 2d 769, 771-2 (1966); *Hyam v. Upper Montgomery Joint Authority*, 399 Pa. 446, 455-6, 160 A. 2d 539, 545, cert. denied, 364 U.S. 288, 81 S. Ct. 50 (1960); *Eways v. Reading Parking Authority*, 385 Pa. 592, 597, 124 A. 2d 92, 94-5 (1956); *Blumenschein v. Pittsburgh Housing Authority*, 379 Pa. 566, 572-4, 109 A. 2d 331, 334-5 (1954), cert. denied, 350 U.S. 806, 76 S. Ct. 68 (1955). The wisdom of such action or the details of the manner adopted to carry them into effect are matters into which courts will not inquire. *Faranda Appeal*, supra; *Eways v. Reading Parking Authority*, supra; *Blumenschein v. Pittsburgh Housing Authority*, supra.

Our examination of the record leads us to conclude, as did the court below, that the gravamen of appellants' suit involves no more than a challenge to the wisdom and desirability of the project as proposed by appellees. The record fails to disclose bad faith, fraud, abuse of power, or arbitrary or capricious conduct on the part of appellees. In the absence of evidence of such conduct, we find no basis for disturbing the determination made below.

Decree affirmed. Each party to pay own costs.