## Parker Oil Co. v.
## Hamilton Twp. Bd. of Supervisors

*Mary Louise Parker,* for plaintiff.
*William J. Reaser, Jr.,* for defendants.

WILLIAMS, *S.J.,* May 16, 1985 — Plaintiff seeks to recover money damages which it asserts it suffered by reason of the fact the defendants rejected its bid to sell regular gasoline to defendants for the fiscal year 1984-85. The newspaper advertisement requesting bids contained a reservation permitting defendants to reject any and all bids.

The complaint avers that plaintiff was the lowest responsible bidder, there being but one other bid-

der. Plaintiff's bid called for a price of .85 cents per gallon. The other bid called for .89 cents per gallon. Both bids were rejected and new bids were requested. The bid of plaintiff was rejected because plaintiff's billing procedure, fully explained in the bid, indicated Hamilton Township would be charged a federal tax of nine cents per gallon.

However, it is clear from the contents of the bid that Hamilton Township would be credited monthly the amount of said tax and would not be required to pay it. It is further averred that plaintiff had, on two prior occasions, submitted the same type of bid to supply gasoline to the township and on both occasions the bids and the same form of billing was accepted without objection by the township.

Paragraph 23 of the amended complaint alleges as follows:

"Defendants' failure to award the contract for the supply of gasoline for the 1984-1985 year to plaintiff, in light of the circumstances alleged in Paragraphs 14 through 17 above under which defendants were familiar with plaintiff's bookkeeping procedure relative to the nine cents per gallon federal excise tax, was arbitrary, capricious and exhibited a lack of sound discretion."

Defendants filed preliminary objections to the complaint in the nature of a demurrer, asserting plaintiff has no cause of action because it had, in its advertisement for bids, reserved the right to reject any and all bids.

## ISSUE

May a municipal governing body under any circumstance, reject a bid of the lowest and responsible bidder because it has reserved the right to reject any and all bids?

The Pennsylvania Supreme Court has delineated the circumstances that justify judicial interference in respect to actions taken by municipal governing bodies.

In Flasherty v. Allegheny Port Authority, et al, 450 Pa. 509, 516, 517 (1963) the Supreme Court, speaking through Mr. Justice Jones said:

"Judicial interference with the actions of municipal authorities should not be undertaken in the absence of proof of an abuse of power, bad faith, fraud or arbitrary and capricious action; the courts should be loathe to review the details of the effectuation of actions of municipal authorities. City of Philadelphia v. Southeastern Pennsylvania Transportation Authority, 441 Pa. 518, 272 A.2d 921 (1971); Weber v. Philadelphia, 437 Pa. 179, 262 A.2d 297 (1970); Eways v. Board of Road Supervisors, 422 Pa. 169, 220 A.2d 840 (1966); Crawford v. Redevelopment Authority, 418 Pa. 549, 211 A.2d 866 (1965); Robinson v. City of Philadelphia, 400 Pa. 80, 161 A.2d 1 (1960); Hyam v. Upper Montgomery Authority, 399 Pa. 446, 160 A.2d 539 (1960); Park v. City of Philadelphia, 391 Pa. 242, 137 A.2d 343 (1958); Blumenschein v. Housing Authority of Pittsburgh, 379 Pa. 566, 109 A.2d 331 (1954), cert. denied, 350 U.S. 806 (1955); Lazrow v. Philadelphia Housing Authority, 375 Pa. 586, 101 A.2d 664 (1954). While discretionary power in the hands of a municipal authority or body does not immunize it from judicial review, the scope of that review must be limited to the determination of whether the exercise of discretion has been flagrantly abused. '[J]udicial discretion may not be substituted for *administrative* discretion.' Blumenschein v. Housing Authority of Pittsburgh, 379 Pa. 566, 573, 109 A.2d 331, 335 (1954). Where complex questions of technology and finance are resolved by administrative decision, judicial review should be particularly restrictive."

The scope of our review must, under that ruling, be limited to the following issues: (a) fraud, (b) bad faith, (c) arbitrary and capricious action, and (d) flagrant abuse of power.

In paragraph twenty-three of the complaint plaintiff alleges that in their rejection of its bid, defendants were arbitrary, capricious and failed to exercise sound discretion. For the purpose of this case we are required to accept this averment as true. We must accept as true each well-pleaded averment of fact in the amended complaint.

Thus, we must accept as true that defendants rejected plaintiff's bid, giving as a reason therefore that it would be billed nine cents per gallon federal tax when they in fact knew, under the terms of the bid, they would not be required to pay such a tax. We are required to accept as true the allegation that defendants acted arbitrarily and capriciously and failed to use sound judgment. These are factual issues, not legal issues and may be determined only by a trial jury.

We have no hesitation in holding that the averments contained in the complaint, judicial interference under the standards set by the Supreme Court, is warranted.

We now consider whether the fact, standing alone, that defendant township reserved the right to reject any and all bids, bars recovery by plaintiff, as argued by defense counsel. We find this an issue of first impression. It appears not to have previously been ruled upon by any judicial decision.

To adopt such a principle of law, as urged by defense counsel, would be against the public interest. It would permit township supervisors to act arbitrarily and capriciously under any circumstance. Township supervisors would be immunized against negligence, actions prompted by whim or caprice. It would permit them to refuse to contract with an in-

dividual or corporation simply because the supervisors preferred to contract with someone else. We believe township supervisors should not be so immunized and we hold that the mere reservation of the right to refuse any or all bids does not exempt them from litigation that charges them with acting arbitrarily and capriciously and with failing to use sound judgment.

## ORDER

And now, May 16, 1985, defendants' preliminary objections are dismissed and defendants are given a period of 20 days in which to file a responsive answer.