## Thompson Appeal.

Argued March 20, 1967. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Robert Palkovitz,* with him *Palkovitz and Palkovitz,* for appellants.

*Morris M. Berger,* with him *Jack L. Bergstein,* for appellee.

OPINION BY MR. JUSTICE ROBERTS, September 26, 1967:

Appellee, Rostraver Township Airport Authority, is a municipal corporation formed under the Municipal Authorities Act of 1945, Act of May 2, 1945, P. L. 382, as amended, 53 P.S. §301 et seq., and as such it has the power of eminent domain, ibid., 53 P.S. §306 B($l$). On March 14, 1966 it filed declarations of taking in the Court of Common Pleas of Westmoreland County condemning land of the appellants pursuant to the provisions of the Eminent Domain Code of 1964, Act of June 22, 1964, P. L. 84, 26 P.S. §1-101 et seq. (Supp. 1966). The purpose of the condemnation was to acquire a suitable site for a second class municipal airport for Rostraver Township and the surrounding area. On April 11, 1966 the condemnees-appellants, who owned and operated the James Scott Thompson Memorial Airport on the land condemned by appellee, filed preliminary objections to the taking. A hearing was held in order to determine certain factual questions; at its conclusion the court below entered an order dismissing the preliminary objections. The order was later approved by the court en banc and this appeal followed.

The Eminent Domain Code restricts the use of preliminary objections to challenges to the procedure followed by the condemnor or to its declaration of taking,

26 P.S. §1-406 (Supp. 1966); since no question has been raised about the procedure followed by appellee, appellants' attack is limited to whether the authority had the power to appropriate its land. The only issue pressed before this Court is whether there was substantial evidence to justify the taking. Compare *Eways v. Board of Road Supervisors*, 422 Pa. 169, 220 A. 2d 840 (1966) and cases cited therein. In support of this contention appellants rely solely upon the following proviso contained in §4 of the Act of 1945, as amended, 53 P.S. §306 A: "The purpose and intent of this act being to benefit the people of the Commonwealth by, among other things, increasing their commerce, health, safety and prosperity, and not to unnecessarily burden or interfere with existing business by the establishment of competitive enterprises, none of the powers granted by this act shall be exercised in the construction, improvement, maintenance, extension or operation of any project or projects which in whole or in part shall duplicate or compete with existing enterprises serving substantially the same purposes." However, because we agree with appellee that this proviso is not applicable to the present condemnation proceeding, and thus reject appellants' premise, we need not reach appellants' substantial evidence question.

Section 4 of the Act of 1945 provides that municipal authorities incorporated thereunder "shall be for the purpose of *acquiring, holding,* constructing, improving, maintaining and operating, owning, leasing, either in the capacity of lessor or lessee, projects of the following character [including airports]." (Emphasis supplied.) The anti-competitive proviso appears in the same paragraph and, in our view, the deliberate omission of the power to acquire and hold property shows a clear legislative design that the proviso was not to be a restriction upon the authority's right to condemn. As we read the proviso relied upon by appellants its primary purpose

is to protect businesses which will be competing with the condemnor's operations, because any loss of business resulting from such competition is not compensable under the Eminent Domain Code. Where, as here, appellants will not be competing with the municipal airport and will have received full compensation for the taking the proviso's *raison d'etre* disappears. In other words the condemnees lack standing in this eminent domain proceeding to object to the taking on the ground that there may be a future legal or factual objection to the proposed use. See *Upper Dublin Twp. Auth. v. Piszek,* 420 Pa. 536, 218 A. 2d 328 (1966).

The argument also advanced that appellee could not properly condemn appellants' land because at the time of the condemnation the land was already being used as an airport facility which was open to the public is without merit. To begin with no such limitation is contained in the Municipal Authorities Act of 1945. Moreover, this Court has in the past rejected similar contentions. See, e.g., *Schenck v. Pittsburgh,* 364 Pa. 31, 70 A. 2d 612 (1950) (commercial redevelopment of existing commercial district); *Dornan v. Philadelphia Housing Auth.,* 331 Pa. 209, 200 Atl. 834 (1938) (public housing displacing private housing). See also *Duff v. City and County of Denver,* 362 P. 2d 1049 (Colo. 1961) (private airport condemned for municipal airport). Finally, we note that the services offered the public by appellants' present airfield and those which are envisioned for the Rostraver Township Airport are not substantially similar. To cite just one example, appellants have no facilities for night landing whereas the proposed plans for the airport include a lighted runway.

Orders affirmed.

Mr. Justice JONES concurs in the result.

Mr. Chief Justice BELL and Mr. Justice COHEN dissent.