561 A.2d 378

**UPPER DAUPHIN NATIONAL BANK Successor Trustee to Dauphin Deposit Bank and Trust Company, Trustee Under the Will of Howard G. Frederick Concerning Real Estate Known as the Evelyn G. Frederick Health Center at 46–025–032, Appellant,**

v.

**DAUPHIN COUNTY BOARD OF ASSESSMENT APPEALS, Appellee.**

Commonwealth Court of Pennsylvania.

Argued April 4, 1989.

Decided July 6, 1989.

J. Bruce Walter, Rhoads & Sinon, Harrisburg, for appellant.

Carl G. Wass, Caldwell & Kearns, Harrisburg, for appellee.

Before CRAIG, McGINLEY, (P.), JJ., and NARICK, Senior Judge.

McGINLEY, Judge.

Upper Dauphin National Bank, successor to Dauphin Deposit Trust Company, as Trustee under the Will of Howard G. Frederick (Trustee) of the Evelyn G. Frederick Health Center (Health Center), a non-profit ambulatory health care provider, appeals an order of the Court of Common Pleas of Dauphin County (court of common pleas) on behalf of the Health Center which affirmed a reassessment by the Dauphin County Board of Assessment Appeals (Board) of a portion of the Health Center and denied the Health Center's appeal. We affirm.

The Health Center is an institution of purely public charity, owned and operated by the Evelyn G. Frederick Corporation, a non-profit corporation. Since its commencement of operation in 1976, the Health Center's real estate was declared exempt from real estate taxation. In 1984, the Health Center altered its operations by setting aside approximately one-third of its building space and leasing that space to private health care providers including a dentist, an optometrist and a physical therapist. (Stipulation of Facts, No. 24 and No. 29(a), March 21, 1988, (Stip.) at 7–8.) After a re-examination of the Health Center the Dauphin County Director of Assessment removed approximately one-third of

the real estate and improvements from tax exempt status and assessed the one-third portion of real estate and improvements for tax purposes, effective January 1, 1985. The Health Center appealed from the assessment and the Board denied the appeal.[1] The Health Center next appealed to the court of common pleas and after a trial *de novo*, the court of common pleas denied the Health Center's appeal concluding that "the tenant medical service practitioners are the occupiers and users of a portion of the real property and that portion so used is used for their purposes, not for the purposes of the Evelyn G. Frederick Health Center, and is therefore taxable." (Opinion of the court of common pleas, July 29, 1988, at 4.) The Health Center appeals.

Since the court of common pleas made no findings of fact, those facts having been stipulated, our scope of review is limited to whether the Board abused its discretion or committed an error of law. *Barnhart v. Zoning Hearing Board*, 49 Pa.Commonwealth Ct. 481, 411 A.2d 1266 (1980).

The Health Center argues that pursuant to the Pennsylvania Supreme Court's decision in *Moon Township Appeal (Moon II)*, 425 Pa. 578, 229 A.2d 890 (1967) it cannot be denied a portion of its real estate tax exemption because it leases a portion of public property to tenants who furnish services which are reasonably necessary to the Health Center's operation. The Board argues that the Health Center's reliance on *Moon II* is misplaced and that the court of common pleas' decision should be affirmed.

Article 8, Section 2 of the Pennsylvania Constitution provides, in pertinent part:

(a) The General Assembly may by law exempt from taxation:

. . . .

1. Parties stipulate that during the pendency of the proceedings, some of the leases of the private practitioners have expired or have been terminated and the only remaining portion of the building which is leased to a private practitioner is 1,624 square feet. This amounts to approximately twelve percent of the Health Center. At the time the Director re-examined the Health Center private practitioners occupied 4,904 square feet of the real estate. (Stip. No. 29(a) at 8.)

(iii) That portion of public property which is actually and regularly used for public purposes;

. . . .

(v) Institutions of purely public charity, but in the case of any real property tax exemptions only that portion of real property of such institution which is actually and regularly used for the purposes of the institution.

Art. 8, § 2.

Any organization seeking exemption from taxation has the affirmative burden to prove it is entitled to the exemption. *Hospital Utilization Project v. Commonwealth,* 507 Pa. 1, 487 A.2d 1306 (1985).

Section 204(a)(3) of the General County Assessment Law (Law), Act of May 22, 1933, P.L. 853, *as amended,* 72 P.S. § 5020–204, provides in pertinent part:

(3) All ... associations and institutions of ... charity ... with the grounds thereto annexed and necessary for the occupancy and enjoyment of the same, founded, endowed and maintained by public or private charity: provided, that the entire revenue derived by the same be applied to the support and to increase the efficiency and facilities thereof, the repair and the necessary increase of grounds and buildings thereof, and for no other purpose;....

72 P.S. § 5020–204.

In *Moon II,* our state Supreme Court concluded that a hotel, restaurant, newsstand, and a portion of a drug store utilized for the sale of food, and newsstand, which were located in the Greater Pittsburgh Airport terminal building owned by Allegheny County, but which were operated by concessionaires, were exempt from real estate taxation, but the drug store area utilized for the sale of drugs, gifts, novelties and other miscellaneous items, was not tax exempt. Appellant Thrift Drug Company maintained the drug store premises and argued that the entire drugstore premises should have been placed in the tax free status. The Court explained:

The pertinent law was explicated in *Moon Township Appeal* 387 Pa. 144, at 148–149, 127 A.2d 361, at 364 [1956], wherein Mr. Chief Justice Stern speaking for the Court, stated: 'The legal principles applicable to the situation are entirely clear. Article IX § 1, of the Constitution P.S. permits the General Assembly to exempt from taxation public property *used for public purposes.* Undoubtedly the portions of the Airport employed in its actual operation—the landing fields, runways, ramps, hangars, ticket offices, waiting rooms for passengers, management offices, control tower, repair shops and the like represent a public use which properly exempts them from taxation; this is conceded by all the parties. There is likewise no question but that property the use of which is *reasonably necessary* for the efficient operation of the Airport, even though not indispensable or essential thereto, is also entitled to exemption. Nor can such property be denied exemption merely because it is rented out by the Airport and thereby yields a return which serves to reduce expenses, because, where the primary and principal use to which property is put is public, the mere fact that an income is incidentally derived from it does not affect its character as property devoted to a public use: [Citations]. On the other hand, however, there is equally no doubt but that property, even though owned by a body ordinarily tax exempt, is taxable if used by it for commercial purposes, or if rented to a lessee for a purely business enterprise and not a public use; this is true even though the rentals or other proceeds from the property are devoted to the tax exempt activities of the lessor: [Citations].' (Original emphasis.)

*Moon II,* 425 Pa. at 581, 229 A.2d at 891.

The Health Center argues that the optometrists, physical therapists, and/or dentists are reasonably necessary to its operation, just as the Supreme Court concluded that the sale of food by the drug store was reasonably necessary. The Health Center argues that, as the Supreme Court explained in *Moon II,* receipt of fees by tenants using the

public property, nor the amount of those fees disqualifies the property from tax exemption.

The Board argues that it is not merely contending that the receipt of fees or subsidies by the Health Center from patients or clients automatically disentitles the Health Center to the exemption. The Board cites *Westview Borough Municipal Authority Appeal*, 381 Pa. 416, 420, 113 A.2d 307, 309 (1955) and argues:

> The controlling test is, not merely whether the property or part of it has been rented out, but whether the use of the part so leased is for a public or private purpose. It is the use of the property, and not the use of the proceeds from the property, which determines whether tax exemption may constitutionally be granted.

In the case *sub judice*, the court of common pleas concluded that the Health Center failed to meet its burden of proving entitlement to the exemption because the "tenant medical service practitioners are the occupiers and users of a portion of the real property and that portion of the real property so used is used for their purposes, not for the purposes of the Evelyn G. Frederick Health Center, and is therefore taxable." (Opinion of the court of common pleas at 4.) The court of common pleas cited *Appeal of Lanchester Medical Center Association*, 23 Pa.Commonwealth Ct. 596, 353 A.2d 75 (1976) and the Health Center argues this case is not controlling because the facts are contrary to those before us. The Health Center attempts to distinguish *Lanchester* based upon the premise that the Court found that there was no public use and therefore no use of the property as a purely public charity as opposed to the case *sub judice*, wherein just a part of the property was found not to be used for public charity. We are not persuaded.

In *Lanchester*, a non-profit corporation was created to provide medical services in a rural area. The corporation secured contributions and federal funds, constructed a building and sought people in need of medical service. It provided no medical service, but instead entered into leases with physicians who leased and used the property to pursue

their own independent profitable practices. The leases entered into did require the physicians to provide 24–hour service and also required them to accept all patients regardless of their ability to pay. *Lanchester,* 23 Pa.Commonwealth Ct. at 601, 353 A.2d at 78. This Court concluded:

> *Their use* is the pursuit of private enterprise and they, not the Association, *occupy and use the facilities* in that pursuit. The property therefore falls within the proscriptions of subsection (b) of Section 204 of the Act, 72 P.S. § 5020–204(b), which provides:
>
>> '(b) Except as otherwise provided in clause (11) of this section, all property real or personal, other than that which is actually and regularly used and occupied for the purposes specified in this section, and all such property from which any income or revenue is derived, other than from recipients of the bounty of the institution or charity, shall be subject to taxation, except where exempted by law for State purposes, and nothing herein contained shall exempt same therefrom.'

*Id.,* 23 Pa.Commonwealth Ct. at 601, 353 A.2d at 78 (emphasis in original).

Finally, the Health Center relies upon *West Allegheny Hospital v. Board of Property Assessors,* 500 Pa. 236, 455 A.2d 1170 (1982) and argued that because the lease contains a provision by which the tenant agrees to provide a specified level of free service to persons unable to pay for services, the private practitioner (tenant) is engaged in a purely public charity. In *West Allegheny,* our state Supreme Court held that a nonprofit hospital's facilities were exempt from real estate taxes imposed by a school district, notwithstanding that public and private donations covered only a small part of the hospital's cost of capital acquisition and day-to-day operating expenses and such costs and expenses had been passed along to patients who had paid approximately eighty percent of the amounts billed. However, in *West Allegheny,* the Court found that the revenues from patient billings had been used by the hospital "for no other purpose" than to contribute to the support of the institution and the increase of the efficiency and facilities

thereof. The Court concluded that the record established that the doctors' work had been necessary to the functioning of the institution's facilities and had been paid for at rates equal to or less than the rates paid by comparable institutions for comparable services. *West Allegheny*, 500 Pa. at 241, 455 A.2d at 1172. The record in the case *sub judice*, established that the tenant medical service practitioners occupying twelve percent of the Health Center used the property for their own purposes. Accordingly, we affirm the order of the court of common pleas.

### ORDER

AND NOW, this 6th day of July, 1989, the order of the Court of Common Pleas of Dauphin County dated July 29, 1988, at No. 818S 1986, is hereby affirmed.