**WESLEYVILLE BOROUGH
and McKean Borough**

v.

**ERIE COUNTY BOARD OF
ASSESSMENT APPEALS,
Appellant.**

Commonwealth Court of Pennsylvania.

Argued March 14, 1996.
Decided May 16, 1996.

Dan W. Susi, for appellant.

Gary Eiben, for appellee.

Before KELLEY and FLAHERTY, JJ.,
and SILVESTRI, Senior Judge.

KELLEY, Judge.

The Erie County Board of Assessment Appeals (board) appeals from an order of the Court of Common Pleas of Erie County (trial court) which (1) reversed a decision by the board denying tax exempt status to a parcel of land owned by the Borough of Wesleyville (Wesleyville) and leased to the County of Erie (County); (2) granted tax exempt status to a parcel of land owned by the Borough of McKean (McKean) and leased to the County; and (3) ordered that the tax exempt status of both properties continue as long as they were used as hearing rooms and offices for district justices. We affirm.

On March 28, 1994, Wesleyville filed with the board an application for exemption from real estate taxes imposed by the County on property owned by Wesleyville and leased to the County for use by a district justice. Following a hearing, the board denied Wesleyville's application and concluded that the property was subject to real estate taxes. Wesleyville appealed to the trial court. A petition to intervene was filed by McKean, a similarly situated municipality, and was granted by the trial court.[1] By order of the trial court, stipulations of facts were entered by Wesleyville and McKean (collectively, municipalities).

Wesleyville stipulated to the following facts. It is the owner of real property located at 3921 Buffalo Road, Erie, Pennsylvania. It leased this property to the County under a six-year lease agreement for the annual sum of $15,600 or $1,300 per month. As required by the terms of the lease, the County is using the property as a courtroom, waiting room and office for District Justice Peter Nakoski, Jr. It was agreed between Wesleyville and the County that: (1) all taxes, light, heat, utilities, snow removal and other expenses related to the premises would be included in the monthly payments made by the County; (2) Wesleyville was completely responsible for such expenses throughout the term of the lease; (3) the County could neither sublease the premises nor assign the lease; and (4) the lease could be terminated upon the death, disability or removal from office of District Justice Nakoski.

McKean stipulated to the following facts. The property at issue is a portion of the McKean Borough Hall located at 8952 Main Street, McKean, Pennsylvania. The building consists of two floors and a basement. On the same parcel of land is a garage and a storage building. All of the property is used by McKean except for a portion of the first floor of the Borough Hall which is leased to the County for use as a courtroom, waiting room and office for District Justice Ronald Stuck.

---

1. McKean sought to intervene in this case because the trial court's decision could affect the board's determination with respect to McKean's application for exemption from real estate taxes imposed by the County on a parcel of land owned by McKean and leased to the County for use by a district justice. Both Wesleyville and the board consented to intervention by McKean.

Currently, there is no written lease in effect between McKean and the County. The most recent written lease expired in January 1994. The lease continues on a month-to-month basis and the County has paid a monthly rental of $850 to McKean since January 1994. McKean and the County are in the process of negotiating a new lease. Under the terms of the previous lease, McKean and the County agreed that: (1) all taxes, light, heat, utilities and other expenses would be included in the monthly lease payments made by the County; (2) McKean was completely responsible for such expenses for the entire term of the lease; (3) the County could neither sublease the premises nor assign the lease; and (4) the lease could be terminated upon the death, disability or removal from office of District Justice Stuck. The most recent draft of the lease being negotiated between McKean and the County included these same terms.

■ On August 18, 1995, the trial court reversed the board's decision and determined that the parcels of land at issue in this case were exempt from real estate taxes imposed

by the County. The trial court stated that the municipalities had presented a cogent argument that the board had no authority to tax the property. The trial court further stated that the parcels of land were exempt from real estate taxes because they qualified as public property used for public purposes in accordance with section 204(a)(7) of The General County Assessment Law (Law), Act of May 22, 1933, P.L. 853, *as amended*, 72 P.S. § 5020–204(a)(7).[2] The trial court noted that, because the parcels of land were public property used for public purposes, the leasing of the property by the municipalities and their receipt of rent would not defeat the tax exemption.[3] The trial court further stated that the parcels of land were also exempt from real estate taxes because they qualified as courthouses in accordance with section 204(a)(5) of the Law, 72 P.S. § 5020–204(a)(5).[4] The board now brings the present appeal.[5]

■ Preliminarily, we note that the board has failed to set forth in its principal brief a statement of the questions involved in this

---

2. Section 204(a)(7) of the Law provides as follows:

   (a) The following property shall be exempt from all county, city, borough, town, township, road, poor and school tax, to wit:
   \* \* \* \*
   (7) All other public property used for public purposes, with the ground thereto annexed and necessary for the occupancy and enjoyment of the same, but this shall not be construed to include property otherwise taxable which is owned or held by an agency of the Government of the United States nor shall this act or any other act be construed to exempt from taxation any privilege, act or transaction conducted upon public property by persons or entities which would be taxable if conducted upon nonpublic property regardless of the purpose or purposes for which such activity occurs, even if conducted as agent for or lessee of any public authority.

3. We note that section 204(b) and (c) of the Law provides as follows:

   (b) Except as otherwise provided in clauses (11) and (13) of this section [relating to libraries and fire and rescue stations], all property[,] real or personal, other than that which is actually and regularly used and occupied for the purposes specified in this section, and all such property from which any income or revenue is derived, other than from recipients of the bounty of the institution or charity, shall be

subject to taxation, except where exempted by law for State purposes, and nothing herein contained shall exempt same therefrom.
   (c) Except as otherwise provided in clause (10) of this section [relating to playgrounds], all property, real and personal, actually and regularly used and occupied for the purposes specified in this section shall be subject to taxation, unless the person or persons, associations or corporation, so using and occupying the same, shall be seized of the legal or equitable title in the realty and possessor of the personal property absolutely.
   72 P.S. § 5020–204(b), (c).

4. Section 204(a)(5) of the Law provides as follows:

   (a) The following property shall be exempt from all county, city, borough, town, township, road, poor and school tax, to wit:
   \* \* \* \*
   (5) All courthouses, jails and poorhouses, with the ground thereto annexed and necessary for the occupancy and enjoyment of the same.

5. Where the trial court has made no findings of fact because the facts have been stipulated, our scope of review is limited to determining whether the board abused its discretion or committed an error of law. *Upper Dauphin National Bank v. Dauphin County Board of Assessment Appeals*, 127 Pa.Cmwlth. 257, 561 A.2d 378 (1989).

case as required by Pennsylvania Rule of Appellate Procedure 2116. We direct the board's attention to Rule 2116(a) which provides that a statement of the questions involved "is to be considered in the highest degree mandatory, admitting of no exception; ordinarily no point will be considered which is not set forth in the statement of questions involved or suggested thereby." We do not condone the board's violation of the Rules of Appellate Procedure by which this court operates.

At the same time, we note that this court has exercised its discretion and addressed arguments which have been set forth in the argument portion of a party's brief, despite that party's failure to comply with Pa.R.A.P. 2116. *Izzi v. Workmen's Compensation Appeal Board (Century Graphics),* 654 A.2d 176 (Pa.Cmwlth.1995). *See also, City of Carbondale v. Pennsylvania Insurance Guaranty Association,* 431 Pa. Superior Ct. 317, 636 A.2d 669 (1994), *petition for allowance of appeal denied,* 538 Pa. 640, 647 A.2d 895 (1994). Pursuant to Pa.R.A.P. 2119, "[t]he argument shall be divided into as many parts as there are questions to be argued ... and shall have at the head of each part ... the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent."

█ In its principal brief, the board has set forth several legal arguments, and the heading of each argument states the particular point to be discussed. Moreover, the first sentence in the argument portion of the board's principal brief states that the only issue presented in this appeal is whether the properties which the municipalities lease to the County for district justice offices are exempt from real estate taxes. As such, the nature of the question presented on appeal is apparent from the argument portion of the

board's principal brief. In addition, we will consider the arguments raised by the board in its principal brief because we have already invested judicial time and effort in reading the briefs and the record and in hearing oral argument and because we prefer not to punish litigants for the failure of their counsel to abide by our rules. However, counsel should be aware that, in the future, this court will not be inclined to overlook such violations of our procedural rules.[6]

█ The board first argues that the properties at issue in this case are not exempt from real estate taxes pursuant to section 204(a)(7) of the Law. The board asserts that because the County's use of the properties leased from the municipalities does not further the purposes of the municipalities, those properties should not be entitled to exemption from real estate taxes imposed by the County. The board further asserts that the County's use of properties leased from the municipalities is not reasonably necessary to the functioning of the municipalities as public instrumentalities. As such, the board argues that the public purpose tax exemption of section 204(a)(7) of the Law is not applicable to the present case. We disagree.

Article 8, Section 2 of the Pennsylvania Constitution provides that "[t]he General Assembly may by law exempt from taxation ... [t]hat portion of public property which is actually and regularly used for public purposes...." Pa. Const. art. VIII, § 2. Pursuant thereto, the General Assembly enacted section 204 of the Law which exempts from local taxation "[a]ll ... public property used for public purposes, with the ground thereto annexed and necessary for the occupancy and enjoyment of the same...." 72 P.S. § 5020–204(a)(7).

---

6. We note that the board has set forth in a reply brief a statement of the questions involved in this case. However, this does not satisfy the requirements of Pa.R.A.P. 2116. An appellant's reply brief is limited to those issues which were raised by an appellee's brief and were not addressed by the appellant in its principal brief. *Borough of Glendon v. Department of Environmental Resources,* 145 Pa.Cmwlth. 238, 603 A.2d 226, *petition for allowance of appeal denied,* 530 Pa. 657, 608 A.2d 32 (1992). A reply brief may not be used by an appellant as an opportunity to raise new issues which should have been included in the appellant's principal brief. *Park v. Chronister,* 151 Pa.Cmwlth. 562, 617 A.2d 863 (1992), *petition for allowance of appeal denied,* 534 Pa. 654, 627 A.2d 731 (1993). Therefore, we will not address any new issues raised by the board in its statement of the questions involved in its reply brief which were not included in the argument portion of the board's principal brief..

In the present case, the properties at issue are owned by the respective municipalities and are leased to the County for use as courtrooms, waiting rooms and offices for district justices. Clearly, the properties at issue are public properties. The question then becomes whether the properties are being used for a public purpose and are, therefore, exempt from local taxation pursuant to section 204(a)(7) of the Law.

Our Supreme Court has stated that the question of whether property is being used for a public purpose, and thus is entitled to tax exemption, is a judicial question for ultimate determination by the courts. *Dorman v. Philadelphia Housing Authority*, 331 Pa. 209, 200 A. 834 (1938). We conclude that, in the present case, the use of the properties owned by the municipalities and leased to the County for courtrooms, waiting rooms and offices for district justices constitutes use for a public purpose.

Article 5, Section 1 of the Pennsylvania Constitution provides that the judicial power of the Commonwealth shall be vested in a unified judicial system which includes district justices.[7] Pa. Const. art. V, § 1. In the unified judicial system, a district justice is the first avenue of judicial redress for persons within this Commonwealth. The function of a district justice is the efficient administration of justice within each magisterial district. Pa. Const. art. V, § 7. Clearly, the use of property for the administration of justice to the people within this Commonwealth is a public purpose.

■ Our Supreme Court has further stated that the fact that property of a public body is leased to another entity, even a private party deriving profit therefrom, will not defeat the tax exemption if the property is being used for the specifically authorized public purpose for which it was acquired. *Pittsburgh Public Parking Authority v.*

*Board of Property Assessment*, 377 Pa. 274, 105 A.2d 165 (1954). The controlling test for tax exemption is not whether the property or part of it has been leased out, but whether the use of the property so leased is for a public purpose. *West View Borough Municipal Authority Appeal*, 381 Pa. 416, 113 A.2d 307 (1955). This court has also stated that the crucial point is not whether the public body is benefitted by the use of the leased property but whether the use is, in fact, public. *Reading Municipal Airport Authority v. Schuylkill Valley School District*, 4 Pa.Cmwlth. 300, 286 A.2d 5 (1972).

■ Where the primary and principal use to which property is put is public, the mere fact that income is incidentally derived from the use of the property does not affect its character as property devoted to a public use. *Moon Township Appeal*, 425 Pa. 578, 229 A.2d 890 (1967). On the other hand, property that is owned by a tax-exempt entity is taxable if the property is used for commercial purposes or is rented to a lessee for a purely business enterprise and not a public use. *Id.*

As we have discussed, the use of the properties owned by the municipalities and leased to the County for courtrooms, waiting rooms and offices for district justices constitutes use for a public purpose. We further note that the municipalities leased the properties at issue in this case to the County for that particular purpose. Reproduced Record at 7a–10a. The County is not permitted to sublease the properties or to assign the leases. *Id.* However, pursuant to the terms of each lease, each municipality has allowed the County to terminate its lease upon the death, disability or removal from office of District Justice Nakoski or District Justice Stuck. *Id.*

In the present case, there is a singularity of purpose with unity of consort. Both the

---

**7.** We note that the language of Article 5, Section 1 of the Pennsylvania Constitution refers to "justices of the peace" rather than "district justices." Pa. Const. art. V, § 1. However, the Historical Notes to Article 5, Section 1 provide as follows: "An express reference in any statute or other law to a justice of the peace or to the office of justice of the peace shall hereafter be deemed a reference to a district justice or to the office of district justice. Any person appointed or elected to judicial office in a magisterial district shall be known as and hereafter shall be commissioned as the 'district justice' in and for the appropriate magisterial district." *Id.* We further note that sections 102 and 301 of the Judicial Code provide that District Justices are encompassed within the definition of the "unified judicial system." 42 Pa. C.S. §§ 102, 301.

municipalities and the County want to ensure that justice is efficiently administered to their citizens. By leasing the properties to the County for use by district justices, the municipalities have effectively united with the County to provide this essential public service. The properties are not being used for purposes other than those which would justify exemption from taxation. Clearly, the public use of the properties is being maintained and preserved. The general public is being served by the district justice offices. Therefore, the properties are entitled to the public subsidy of tax exemption pursuant to section 204(a)(7) of the Law.

The board next argues that the properties at issue in this case, which are used as facilities for District Justices, do not constitute "courthouses" and, thus, are not exempt from real estates taxes pursuant to section 204(a)(5) of the Law. We disagree.

We initially note that the term "courthouse" has not been defined in the provisions of the Law. The board has asserted that a district justice's hearing rooms and offices do not constitute a "courthouse" because these facilities are not encompassed by section 3721 of the Judicial Code, 42 Pa.C.S. § 3721. Section 3721 of the Judicial Code, which relates to district and county facilities, provides that "[t]here shall be maintained at the county seat of each county a facility known as the county judicial center, which may be the existing county courthouse." 42 Pa.C.S. § 3721. Section 3721 further sets forth what services, facilities and accommodations must be provided at the county judicial center. *Id.*

We note that section 3721 of the Judicial Code does not define a "courthouse." Moreover, in light of the fact that section 3721 states that the county judicial center *may* be the existing county courthouse, it is clear that the term "county judicial center" is not synonymous with "courthouse." In addition, as appropriately pointed out by the trial court, the language of section 3721 of the Judicial Code does not foreclose a district justice's facilities from being considered a "courthouse."

We further agree with the trial court's opinion that the true test of a "courthouse" is whether it is a place where the law and

justice are dispensed. As we have already noted, the Pennsylvania Constitution clearly provides that the judicial powers of this Commonwealth shall be vested in a unified judicial system of which district justices are an integral part. Pa. Const. art. V, §§ 1, 7. Under the unified judicial system, the function of a district justice is the efficient administration of justice within each magisterial district. Pa. Const. art. V, § 7. Moreover, district justices are subject to the same disciplinary proceedings as the judges of the Courts of Common Pleas, the Commonwealth Court and the Superior Court and the justices of the Supreme Court. Pa. Const. art. V, § 18.

Pursuant to Rule 101 of the Pennsylvania Rules of Conduct, Office Standards and Civil Procedure for District Justices (Rules), the governing body of the county shall establish the hearing rooms and offices for each district justice whose magisterial district is situated in the county. Within these rooms, a district justice shall be faithful to the law, shall enforce the law and shall preserve the integrity and independence of the judiciary. Rules 1 and 4 of the Rules. We therefore conclude that the hearing rooms and offices of a district justice constitute a "courthouse." Accordingly, the properties at issue in this case are also exempt from real estate taxes pursuant to section 204(a)(5) of the Law.

The board next argues that the properties at issue in this case are not exempt from real estate taxes because the municipalities receive rent from the County and because the municipalities are not actually occupying the properties, but are leasing them to the County.

We reiterate that our Supreme Court has held that the leasing of property and the receipt of rent will not defeat an exemption from local real estate taxes where public property is used for public purposes. *Moon Township Appeal; West View Borough Municipal Authority Appeal; Pittsburgh Public Parking Authority.* Our Supreme Court has stated that as long as public property is used for a public purpose, then the method of operation by which such an end is achieved

cannot affect the taxability of the property. *Pittsburgh Public Parking Authority.*

In the present case, we have already held that the public properties at issue are clearly being used for a public purpose. As such, the leasing of the properties and the receipt of rent by the municipalities do not defeat their exemption from local real estate taxes.

Accordingly, the order of the trial court is affirmed.

### ORDER

NOW, this 16th day of May, 1996, the order of the Court of Common Pleas of Erie County, dated August 18, 1995, at No. 16275–1994, is affirmed.