DAUPHIN COUNTY GENERAL
AUTHORITY, Appellant

v.

DAUPHIN COUNTY BOARD
OF ASSESSMENTS.

Appeal of Dauphin County General
Authority, Appellant

v.

Dauphin County Board of
Assessment Appeals.

Commonwealth Court of Pennsylvania.

Argued Sept. 14, 2000.
Decided Oct. 17, 2000.
Publication Ordered Feb. 20, 2001.

James E. McErlane, West Chester, for
appellant.

Carl G. Wass, Harrisburg, for appellee.

Before PELLEGRINI, Judge, FRIEDMAN, Judge (P.), McCLOSKEY, Senior Judge.

McCLOSKEY, Senior Judge.

This case involves the consolidated appeals of the Dauphin County General Authority (the Authority) from the orders of the Court of Common Pleas of Dauphin County (trial court), denying the Authority's appeals from the adjudications of the Dauphin County Board of Assessment Appeals (Board), which held that the premises owned by the Authority at 555 Walnut Street, Harrisburg, Pennsylvania (the Forum Place) and 1101 South Front Street, Harrisburg, Pennsylvania (the Riverfront Office Center) were neither immune nor exempt from the payment of real estate taxes. We now reverse.

The facts of this case are not in dispute. The Authority was created by ordinance adopted by the Board of Commissioners of Dauphin County as a municipal authority under the Municipality Authorities Act of 1945(Act).[1] The Authority was incorporated on March 7, 1984, for an initial term of fifty years.[2] On June 30, 1998, the Authority purchased the property known as the Riverfront Office Center for a stated consideration of $41,040,000.00. On July 13, 1998, the Authority purchased the property known as the Forum Place for a stated consideration of $65,799,000.00. Both properties had been owned by private developers who had negotiated long-term leases for office space with the Commonwealth and who had paid real estate taxes on the properties.[3]

Following the two purchases, the Authority filed an application with the Board requesting that both of the properties be removed from the tax assessment rolls on the basis that the same were either immune from taxation or exempt from taxation. The Board, however, denied the Authority's application stating that the same were not entitled to immunity as the Authority had forfeited its right to claim immunity by reason of the fact that it engaged in conduct, i.e., the acquisition of the properties which competed with existing enterprises serving substantially the same purposes.[4] The Authority appealed to the trial court and a hearing was held on May 4, 1999. Following the hearing, on December 15, 1999, the trial court issued an opinion and two separate orders denying the Authority's appeals on the same bases as the Board.[5] The Authority now appeals to this Court.[6]

On appeal,[7] the Authority argues that the trial court erred as a matter of

1. Act of May 2, 1945, P.L. 382, *as amended*, 53 P.S. §§ 301—322.

2. The term of the Authority's existence was subsequently extended to January 8, 2048.

3. At the time of acquisition, as well as shortly thereafter, several state and federal agencies occupied the Riverfront Office Center, including the Department of Transportation, the Board of Probation and Parole, the Human Relations Commission, the Board of Finance and Revenue and the United States Department of Treasury. The same is true of the Forum Place, which included such tenants as the Office of Attorney General, the Office of the Chief Clerk of the Senate and House of Representatives, the Legislative Reference Bureau, the Department of Aging and the United States Social Security Administration. Additionally, the Forum Place included one non-governmental entity, Dauphin National Bank, which operated a MAC machine on the premises.

4. This reasoning is found in Section 4A(b)(2) of the Act, 53 P.S. § 306A(b)(2), and will hereafter be referred to as the non-compete clause.

5. The trial court issued two separate orders, the first addressing the Forum Place property and the second addressing the Riverfront Office Center property.

6. The Authority filed a separate appeal for each of the trial court's orders. However, by order of this Court dated April 4, 2000, said appeals were consolidated for disposition.

7. Our scope of review in a tax assessment appeal is limited to determining whether the trial court abused its discretion, committed an

law in failing to find that it was entitled to immunity from taxation and erred as a matter of law in applying the non-compete clause. We agree.

There is no question in this case that the Authority is a properly incorporated municipal authority under the Act which is permitted to acquire and hold property. As such, the Authority is an independent agency of the Commonwealth. *See Delaware County Solid Waste Authority v. Berks County Board of Assessment Appeals*, 534 Pa. 81, 626 A.2d 528 (1993). As an agency of the Commonwealth, the Authority is entitled to complete immunity from taxation as long as it acts in accordance with the powers granted to it. *Id.* It is only where the Authority acts outside of the scope of the powers granted to it that such immunity is lost. *Id.*

Section 15 of the Act, 53 P.S. § 318, specifically exempts municipal authorities from taxation. This Section provides, in pertinent part, as follows:

> The effectuation of the authorized purposes of Authorities created under this act shall and will be in all respects for the benefit of the people of the Commonwealth of Pennsylvania, for the increase of their commerce and prosperity, and for the improvement of their health and living conditions, and since such Authorities will be performing essential government functions in effectuating such purposes, such Authorities shall not be required to pay any taxes or assessments upon any property acquired or used by them for such purposes.

In *Delaware County*, our Supreme Court emphasized that this Section "evinces a legislative intent to reaffirm the long standing rule that property owned by a municipal authority should not be taxed." *Delaware County*, 534 Pa. at 87, 626 A.2d at 531; *see also In re Appeal of Township of Middletown.*

error of law or whether its decision is supported by substantial evidence. *In re Appeal of Township of Middletown,* 654 A.2d 195

Furthermore, in *Wellsboro Area School District v. Tioga County Board for the Assessment and Revision of Taxes*, 651 A.2d 592 (Pa.Cmwlth.1994), we indicated that property owned by an authority is presumptively immune from taxation and the burden is on the taxing authority to establish that such immunity does not exist. This lack of immunity can be established by showing that the authority is not properly incorporated or that the authority has somehow acted outside the scope of its authority in acquiring and holding properties.

As stated above, there is no question in this case that the Authority was properly incorporated. Hence, the burden was on the Board to show that the Authority acted outside the scope of its authority. However, the Act grants the Authority the express power to acquire, hold and lease property. Specifically, Section 4A(a)(2) of the Act, 53 P.S. § 306A(a)(2), provides, in pertinent part, as follows:

> A. Every Authority incorporated under this act shall be a body corporate and politic, and shall be for the purpose of acquiring, holding, constructing, improving, maintaining and operating, owning, leasing, either in the capacity of lessor or lessee, projects of the following kind and character . . .
>
> (a)(2) buildings to be devoted wholly or partially for public uses . . . and for revenue-producing purposes.

Additionally, Section 4B(k) of the Act, 53 P.S. § 306B(k), provides as follows:

> Every Authority is hereby granted, and shall have and may exercise all powers necessary or convenient for the carrying out of the aforesaid purposes, including but without limiting the generality of the foregoing, the following rights and powers . . .
>
> (k) Without limitation of the foregoing, to borrow money and accept grants from

(Pa.Cmwlth.1995), *petition for allowance of appeal denied*, 542 Pa. 682, 668 A.2d 1142 (1995).

and to enter into contracts, leases or other transactions with any Federal agency, Commonwealth of Pennsylvania, municipality, school district, corporation or Authority.

■ The trial court found that the Authority acted outside the scope of its authority by violating the non-compete clause under the Act, i.e., by engaging in conduct, i.e., the acquisition of the properties which competed with existing enterprises serving substantially the same purposes. However, the trial court's finding in this regard is in error. As noted above, the non-compete clause is found at Section 4A(b)(2) of the Act. This Section provides as follows:

> The purpose and intent of this act being to benefit the people of the Commonwealth by, among other things, increasing their commerce, health, safety and prosperity, and not to unnecessarily burden or interfere with existing business by the establishment of competitive enterprises, none of the powers granted by this act shall be exercised in the construction, financing, improvement, maintenance, extension or operation of any project or projects which in whole or in part shall duplicate or compete with existing enterprises serving substantially the same purposes.

Notably absent from the express language of this Section are the words "acquisition" or "leasing." Our Supreme Court addressed this absence in *In re Thompson Appeal,* 427 Pa. 1, 233 A.2d 237 (1967). In *Thompson Appeal,* the Court held that "the deliberate omission of the power to acquire and hold property" from the non-compete clause, when the same is provided in the statement of general purpose within the same Section of the Act, i.e., Section 4A, 53 P.S. § 306A, "shows a clear legislative design that the proviso was not to be a restriction upon the authority's right to con-

demn." [8] *Thompson Appeal,* 427 Pa. at 3, 233 A.2d at 239.

■ Next, the Authority argues that the trial court erred as a matter of law in failing to recognize that the Authority was exempt from taxation by local taxing authorities. Again, we agree.

Article VIII, Section 2(a)(III) of the Pennsylvania Constitution provides that the General Assembly may by law exempt from taxation "that portion of public property which is actually and regularly used for public purposes." The General Assembly provided such an exemption for "public property used for public purposes" in Section 204(a)(7) of The General County Assessment Law (the Law).[9] We addressed the exemption provided by this Section in our decision in *Wesleyville Borough v. Erie County Board of Assessment Appeals,* 676 A.2d 298 (Pa.Cmwlth.1996).

In *Wesleyville Borough,* we stated that "the fact that property of a public body is leased to another entity, even a private party deriving profit therefrom, will not defeat the tax exemption if the property is being used for the specifically authorized public purpose for which it was acquired." *Wesleyville Borough,* 676 A.2d at 302. Additionally, we stated that the "controlling test for tax exemption is not whether the property or part of it has been leased out, but whether the use of the property so leased is for a public purpose." *Id.* We went on in *Wesleyville Borough* to summarize the above as follows:

> Where the primary and principal use to which property is put is public, the mere fact that income is incidentally derived from the use of the property does not affect its character as property devoted to a public use. On the other hand, property that is owned by a tax-exempt entity is taxable if the property is used for commercial purposes or is rented to

---

8. The Court in *Thompson* also held that an authority does not violate the non-compete clause by acquiring an already existing enterprise.

9. Act of May 22, 1933, P.L. 853, *as amended,* 72 P.S. § 5020–204(a)(7).

a lessee for a purely business enterprise and not a public use.

In this case, both properties acquired by the Authority, the Forum Place and the Riverfront Office Center, are used exclusively for public purposes, namely, to house federal and Commonwealth agencies and offices. Hence, both properties are exempt from taxation under Section 204(a)(7) of the Law and the trial court erred as a matter of law in failing to recognize the same.

Accordingly, the orders of the trial court are reversed.

## *O R D E R*

AND NOW, this 17th day of October, 2000, the orders of the Court of Common Pleas of Dauphin County are hereby reversed.