Brandywine Village Associates, L.P., :
Leonard Blair, Richard Blair and :
John Cropper, :
                 Petitioners :
                 : No. 632 C.D. 2024
        v. :
                 : Submitted: March 4, 2025
Department of Transportation, :
Carlino East Brandywine, L.P., and :
East Brandywine Township :
Board of Supervisors :
(Board of Property), :
                 Respondents :


BEFORE:    HONORABLE ANNE E. COVEY, Judge
                HONORABLE LORI A. DUMAS, Judge
                HONORABLE MATTHEW S. WOLF, Judge


*OPINION NOT REPORTED*

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                                     **FILED:  April 2, 2025**

Petitioners Brandywine Village Associates, L.P.; Leonard Blair; Richard Blair; and John Cropper (collectively Petitioners) have filed a petition for review challenging the Board of Property's (Board) April 18, 2024 Final Adjudication and Order (Final Adjudication). Through that Final Adjudication, the Board granted Respondent Carlino East Brandywine, L.P.'s (Carlino) administrative "Petition to Quiet Title and for Declaratory Relief," thereby entering judgment in favor of Respondent Department of Transportation (Department), declaring that the

Department, rather than Petitioners, held title to an alleged 344-square-foot "gore"[1] as part of a larger Department-owned right-of-way. After thorough review, we affirm the Board.

## I. BACKGROUND[2]

This is but the most recent of the numerous, interrelated legal actions and administrative appeals that have emanated from Petitioners' long-running effort to prevent Carlino from opening a competing shopping center.[3] As for this specific matter, the relevant facts are as follows. Carlino owns a roughly 10-acre lot, which has mixed-use commercial zoning and is located at 1279 Horseshoe Pike (Property) in East Brandywine Township (Township). Reproduced Record at 19a. To the southeast of the Property is a parcel of land that is owned by Brandywine Village Associates, L.P. (BVA) and is currently occupied by a shopping center that includes, as one of its tenants, a grocery store that is operated by Cropper. Carlino desires to develop the Property by building a mixed-use shopping center thereon, which, as currently envisioned, would contain a supermarket. The Township approved Carlino's development plan for the Property but conditioned that approval in

---

[1] A gore is "[a] small (often triangular) piece of land, such as may be left between surveys that do not close[.]" Black's Law Dictionary (12th ed. 2024).

[2] We derive this section's particulars in large part from the Board's Final Adjudication. *See generally* Final Adjudication, 4/18/24.

[3] *See Brandywine Vill. Assocs., LP v. E. Brandywine Twp.*, 320 A.3d 827 (Pa. Cmwlth. 2024), *reargument denied* (Aug. 22, 2024); *Carlino E. Brandywine, L.P. v. E. Brandywine Twp.* (Pa. Cmwlth., No. 367 C.D. 2022, filed July 11, 2023), 2023 WL 4560881; *Brandywine Vill. Assocs., LP v. E. Brandywine Twp. Bd. of Supervisors* (Pa. Cmwlth., No. 499 C.D. 2020, filed July 2, 2021), 2021 WL 3046662, *reargument denied* (Sept. 9, 2021), *appeal denied*, 275 A.3d 957 (Pa. 2022); *Brandywine Vill. Assocs. v. E. Brandywine Twp.*, (E.D. Pa. No. CV 20-2225, filed Sept. 14, 2020), 2020 WL 5517353; *Condemnation of Fee Simple Title to 0.069 Acres of Vacant Land & Certain Easements Owned by Brandywine Vill. Assocs.* (Pa. Cmwlth., No. 1409 C.D. 2017, filed July 2, 2018), 2018 WL 3213113; *Brandywine Vill. Assocs. v. E. Brandywine Twp. Bd. of Supervisors*, (Pa. Cmwlth., No. 1149 C.D. 2017, filed Apr. 19, 2018), 2018 WL 1865792; *Brandywine Vill. Assocs. v. E. Brandywine Twp. Bd. of Supervisors*, (Pa. Cmwlth., No. 164 C.D. 2017, filed Jan. 5, 2018), 2018 WL 296999.

relevant part on Carlino constructing a connector road through the Property. The connector road would link two state highways, Horseshoe Pike to the south and North Guthriesville Road to the north. The Department subsequently issued a highway occupancy permit (HOP) on June 25, 2020, which authorized Carlino to make certain improvements to both of those state highways, and mandated that Carlino build a right turn lane on Horseshoe Pike where it intersects with the proposed connector road.

Carlino subsequently moved to develop the Property in 2021, at which point BVA attempted to halt Carlino's efforts by claiming that it owned the putative gore, which is located on Horseshoe Pike in the precise location where the aforementioned right turn lane would be constructed. BVA based this ownership claim upon an assertion that the gore was not included in either the right-of-way connecting BVA's property to Horseshoe Pike that had been previously dedicated to the Department in connection with a 1991 HOP application, or in a .069-acre parcel along Horseshoe Pike that the Township had dedicated to the Department in 2019. Contemporaneous with this assertion, Leonard Blair notified the Department that BVA was revoking the 1991 dedication to the extent it covered any land beyond that which had been formally recorded as part of the right-of-way. The Department responded by rejecting Blair's attempted revocation.

Thereafter, Carlino filed its administrative petition with the Board on February 8, 2022. Through this administrative petition, Carlino requested declarations that the Department, rather than BVA, was the rightful owner of the full right-of-way along Horseshoe Pike (including the alleged gore), as well as that BVA had no ability to revoke the right-of-way's dedication or to prevent construction

3

therein.[4]  Both Petitioners and the Department answered the administrative petition, while BVA filed its own administrative petition against the Department, in which BVA requested a declaration that it was the rightful owner of the alleged gore. Carlino responded to BVA's petition, through a motion to dismiss, but the Department did not, prompting BVA to file a motion for default judgment against the Department and a motion to deem facts admitted.  The Board then granted both of those motions over the Department's objections on April 25, 2022.  However, the Board then effectively nullified those rulings on August 11, 2022, when it granted Carlino's motion to dismiss on the basis that BVA's administrative petition was not a procedurally proper method for BVA to secure relief.  The Board subsequently held three days of hearings regarding Carlino's administrative petition in June 2023 and issued its Final Adjudication on April 18, 2024, in which it found that the record evidence established that the right-of-way that BVA had dedicated to the Department in 1991 consisted of a uniform, 40-foot-wide right-of-way. Accordingly, the Board concluded that the gore did not exist and that, even assuming it had existed at some point in time, was fully situated within that Department-owned right-of-way.[5]

This appeal to our Court followed shortly thereafter.

---

[4] Per Section 1207 of the Administrative Code of 1929, the Board has "jurisdiction to hear and determine cases involving the title to land or interest therein brought by persons who claim an interest in the title to lands occupied or claimed by the Commonwealth." Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. § 337.

[5] The Board also rejected BVA's assertion that Leonard Blair, Richard Blair, and John Cropper should not have been named as respondents to Carlino's administrative petition.

## II. DISCUSSION

We summarize and reorder Petitioners' arguments as follows.[6]  First, the Board erred by disregarding its orders granting BVA's motions for default judgment and to deem facts admitted by the Department, which, in Petitioners' view, should have resulted in the Department being barred from participating in the administrative proceedings and a ruling that BVA owned the gore.  Pet'rs' Br. at 28-30.  Second, the Board's determinations that the alleged gore fell within the Department's right-of-way along Horseshoe Pike, as well as that the gore was both dedicated to and accepted by the Department, were not supported by substantial evidence and ran counter to the overwhelming weight of the record's evidence.  *Id.* at 20-28.  Third, the Board violated Petitioners' procedural due process rights by denying Petitioners' requests for documentation regarding the Department's historical treatment of the right-of-way along Horseshoe Pike.  *Id.* at 30-33.  Finally, the Board improperly failed to recognize that Carlino should have filed its administrative petition against Brandywine Village Associates, L.L.P.,[7] rather than Petitioners, and accordingly erred by failing dismiss Leonard Blair, Richard Blair, and John Cropper as parties to the matter and entering judgment against Petitioners.  *Id.* at 33-37.

Petitioners' first argument is without merit.  Per the Pennsylvania Code, a respondent to an administrative proceeding before a Commonwealth agency may only seek relief against the other parties thereto via an answer to the underlying

---

[6] Our standard of review regarding Board adjudications is limited to determining whether the Board violated a petitioner's constitutional rights or committed an error of law, as well as whether the Board's findings of fact are supported by substantial evidence.  *Beishline v. Dep't of Env't Prot.*, 234 A.3d 878, 884 n.8 (Pa. Cmwlth. 2020) (citing 2 Pa.C.S. § 704).  "Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Eichlin v. Zoning Hearing Bd. of New Hope Borough*, 671 A.2d 1173, 1175 (Pa. Cmwlth. 1996).

[7] Petitioners assert that BVA became an L.L.P., *i.e.*, a limited liability partnership, in 2017. Pet'rs' Br. at 33.

administrative petition. 1 Pa. Code § 35.38.[8] Though the Board initially granted BVA's motions for default judgment and to deem facts admitted, it subsequently recognized that those motions were predicated upon BVA's procedurally improper administrative petition and, thus, that it had granted those motions in error. *See* Final Adjudication at 2-3; *cf. City of Phila. v. David J. Lane Advert., Inc.*, 33 A.3d 674, 679 (Pa. Cmwlth. 2011) (noting that a judgment is void *ab initio* if it was entered without proper legal authority); *Long v. Lemoyne Borough*, 71 A. 211, 212-13 (Pa. 1908) ("As a general rule a judgment . . . entered wholly without authority . . . may be stricken off, for it is no judgment at all so far as it affects the rights of the defendant."). When the Board dismissed BVA's administrative petition, the result was that its previous orders granting BVA's motions against the Department were rendered null and void, as the underlying basis for the previously granted relief lacked proper legal authority. Given this, we cannot conclude that the Board erred by declining to give effect to those orders.[9]

---

[8] This provision reads as follows:

> Respondents seeking relief against other parties in a proceeding by reason of the presence of common questions of law or fact shall set forth in their answer the facts constituting the grounds of complaint; the provisions of the statutes, rules, regulations or orders relied upon; the injury complained of; and the relief sought. The answer shall in all other respects conform to the requirements of this part for answers generally.

1 Pa. Code § 35.38.

[9] Petitioners also argue in their reply brief that the Board erred by granting Carlino's motion to dismiss, because BVA had filed its administrative petition against the Department and, thus, only the Department could move for dismissal of that petition or seek to have the aforementioned default judgment opened or stricken. *See* Pet'rs' Reply Br. at 5-6. We decline to address this argument's merit, however, because Petitioners did not raise it in their principal brief. *See Leeward Constr., Inc. V. Dep't of Env't Prot.*, 821 A.2d 145, 152 n.7 (Pa. Cmwlth. 2003) ("[N]ew arguments, or the rehashing of arguments in the brief, are not to be raised in the reply brief[.]"); *Wesleyville Borough v. Erie Cnty. Bd. of Assessment Appeals*, 676 A.2d 298, 301 n.6 (Pa. Cmwlth. 1996) (cleaned up) ("An appellant's reply brief is limited to those issues which were raised by an

We are similarly unpersuaded by Petitioners' second argument, because the Board's determination that the gore either does not exist or is situated within the Department's dedicated right-of-way along Horseshoe Pike is undoubtedly supported by substantial evidence. "As with other administrative agencies, all determinations of witness credibility and evidentiary weight are solely within the province of the Board. Accordingly, it is not the function of this [C]ourt to judge the weight and credibility of the evidence given before an administrative agency." *Pa. Game Comm'n v. K.D. Miller Lumber Co.*, 654 A.2d 6, 9-10 (Pa. Cmwlth. 1994) (cleaned up). Indeed, "[i]t is irrelevant whether the record contains evidence to support findings other than those made by the fact-finder; the critical inquiry is whether there is evidence to support the findings actually made." *Long Run Timber Co. v. Dep't of Conservation & Nat. Res.*, 145 A.3d 1217, 1226 n.7 (Pa. Cmwlth. 2016) (quoting *Ductmate Indus., Inc. v. Unemployment Comp. Bd. of Rev.*, 949 A.2d 338, 342 (Pa. Cmwlth. 2008)). Here, the record contains evidence from 1990 and 1991 that depicts the right-of-way abutting BVA's property along Horseshoe Pike as both gapless and of consistent width. *See* Pavement Marking & Signing Plan at 4-6; Revised Pavement Marking & Signing Plan at 1; Final Title Plan at 1. Additionally, that final title plan contains typewritten notes stating that the depicted right-of-way "is hereby dedicated to the appropriate agency having jurisdiction at the time of dedication[,]" which was the Department. Final Title Plan

---

appellee's brief and were not addressed by the appellant in its principal brief. A reply brief may not be used by an appellant as an opportunity to raise new issues which should have been included in the appellant's principal brief.").

at 1; *see* 36 P.S. § 670-401.[10]  The Department then accepted this dedication via implication when it subsequently issued the HOP in 1991 "subject to the plans, special conditions, or restrictions herein set forth or attached thereto."  1991 HOP at 1; *see Borough of Milford v. Burnett*, 136 A. 669, 671 (Pa. 1927) (offer of dedication can be accepted by the government via implication through "some definite authoritative act").  These documents are supplemented by testimony from Carlino and the Department's expert witnesses, which confirms that the uniform, 40-foot-wide right-of-way was dedicated to the Department through the aforementioned plans, as well as that the Department accepted that dedication via the HOP it issued in 1991.  Bd. Hr'g Tr., 6/7/23, at 78-79, 83-86, 167-68, 232-34, 237; *see also id.* at 83-84 (Carlino's expert witness testifying that right-of-way dedications need not be offered or accepted through formal deed instruments, as well as that the Department has historically accepted such dedications by approving development plans and issuing HOPs); *id.* at 207, 214 (similar testimony from Department's expert witness). We accordingly cannot find fault with the Board's determination that the area encompassing the alleged gore falls within the Department's right-of-way along Horseshoe Pike and is not owned by BVA.

We come to the same conclusion for Petitioners' third argument, regarding the Board's denial of Petitioners' documentation requests.  First and foremost, Petitioners' explication of this argument is quite vague; they fail to discuss the requests in anything other than generalized terms, do not explain how each of those requests were specifically targeted towards securing relevant and probative information, and offer no meaningful due process analysis beyond a solitary case

---

[10] Section 401 of the State Highway Law, Act of June 1, 1945, P.L. 1242 ("The [D]epartment shall construct or improve, and thereafter maintain and repair, at the cost and expense of the Commonwealth, the highways forming the plan or system of the State highways, in the several counties and townships.").

8

law citation. *See* Pet'rs' Br. at 30-33. Petitioners have consequently waived this issue. *See In re Condemnation of Land for S. E. Cent. Bus. Dist. Redevelopment Area No.1 (405 Madison St., City of Chester)*, 946 A.2d 1154, 1156 (Pa. Cmwlth. 2008) ("Arguments not properly developed in a brief will be deemed waived.").

Even if this was not the case, the argument would ultimately fail on its substance. Per the Pennsylvania Code, "relevant and material evidence shall be admissible" during the course of Board proceedings, with the caveat that the Board has discretion to "exclude[] evidence that is repetitious[,] cumulative, or . . . not of the kind which would affect reasonable and fair-minded men in the conduct of their daily affairs." 1 Pa. Code § 35.161; *accord* 2 Pa. C.S. § 505 ("all relevant evidence of reasonably probative value may be received" during the course of proceedings before Commonwealth agencies); *see* 1 Pa. Code § 35.162 (presiding officer in administrative proceedings before Commonwealth agency "shall rule on the admissibility of evidence[] and shall otherwise control the reception of evidence so as to confine it to the issues in the proceeding"). The record here reflects that the information Petitioners sought through their requests was either privileged or pertained to the Department's recent treatment of the right-of-way but not to whether the full, 40-foot-wide right-of-way was dedicated to, and accepted by, the Department in 1991. *See* Bd.'s "Order Denying [Appl.] for Issuance of Subpoenas of [BVA]", 5/12/23, at 1-2; *cf.* Resp'ts' Br. at 30-32 (effectively admitting that the ultimate issue before the Board was whether the dedication was consummated approximately three decades ago). Under these circumstances, we fail to see how the Board's disposal of Petitioners' documentation requests was anything other than a valid exercise of its discretionary authority or rose to the level of a due process violation.

9

Finally, Petitioners' argument that the Board erred by failing to dismiss Carlino's administrative petition as to the Blairs and Cropper fails to provide sufficient grounds for disturbing the Board's Final Adjudication. Because Carlino sought a declaration quieting title to the gore, its administrative petition was *in rem*, rather than *in personam*. *See Stefanick v. Minucci*, 333 A.2d 920, 922 (Pa. 1975) (quiet title actions are *in rem*). "*In rem* actions generally are instituted to determine the status of property, and the rights of individuals with respect thereto[.]" *Com. v. All That Certain Lot or Parcel of Land Located at 605 Univ. Drive,* 104 A.3d 411, 423 (Pa. 2014). Stated differently, "[a] judgment *in rem* [is] one founded on a proceeding instituted, not primarily against the person, but against or upon some thing or subject[]matter[,] the status or condition of which is to be determined. Such judgment is one affecting the status of the *res*." *Com., by Hilbert v. Lutz*, 60 A.2d 24, 26 (Pa. 1948) (quoting *McCormick v. Blaine*, 178 N.E. 195, 197 (Ill. 1931)). Thus, even if we were to assume *arguendo* that the Board erred by failing to dismiss Carlino's administrative petition as to the Blairs and Cropper, that error was ultimately harmless, because the Board's Final Adjudication imposed no personal liability upon those individuals and quieted title to the alleged gore in the Department's favor.

## III. CONCLUSION

In light of the foregoing analysis, we affirm the Board's Final Adjudication.

_____
**LORI A. DUMAS, Judge**

Judge Fizzano Cannon did not participate in this decision.

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brandywine Village Associates, L.P.,   :
Leonard Blair, Richard Blair and   :
John Cropper,   :
           Petitioners   :
  :  No. 632 C.D. 2024
          v.   :
  :
Department of Transportation,   :
Carlino East Brandywine, L.P., and   :
East Brandywine Township   :
Board of Supervisors   :
(Board of Property),   :
          Respondents   :

# **O R D E R**

AND NOW, this 2nd day of April, 2025, it is hereby ORDERED that the Board of Property's April 18, 2024 Final Adjudication and Order is AFFIRMED.

_____
**LORI A. DUMAS, Judge**