Toth, Appellant, *v.* Kostello.

Argued March 16, 1967. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*John W. Pollins, III,* with him *Pollins & Pollins,* for appellant.

*Daniel J. Snyder,* Special Counsel, with him *Frederick T. Seymour,* Solicitor, for appellee.

OPINION BY MR. JUSTICE JONES, April 18, 1967:

On October 16, 1951, Alfred Toth was appointed Chief of Police of South Huntingdon Township, a second-class township, located in Westmoreland County. On January 3, 1966, the supervisors of the township, by resolution, abolished the township police force which at the time consisted of two persons, a chief of police and one patrolman. No provision was made in the said resolution for furloughing Toth.

On May 11, 1966, Toth instituted a mandamus action in the Court of Common Pleas of Westmoreland County against the township. Through the medium of this mandamus action, Toth purports to seek restoration as chief of police and assignment to the duties of chief of police as well as payment of back wages. However, in reality, Toth seeks to be furloughed in accord-

280

ance with the provisions of the Act of June 15, 1951, P. L. 586, §3, 53 P.S. §813, known as the "Police Tenure Act of 1951" applicable to second-class townships having a police force of less than three members. The township filed preliminary objections alleging, inter alia, that Toth had failed to allege a legal cause of action against the township. The Court of Common Pleas of Westmoreland County entered an order sustaining the preliminary objections. From that order Toth has appealed to this Court.

The Act of 1951, supra, §1 et seq., 53 P.S. §811 et seq., is *silent* on the question of appellate review. Rule 68½ of this Court provides, inter alia, that, "... where the relevant statute is silent on the question of appellate review", an appeal to this Court will lie ". . . only if specially allowed by the Court or by a Judge thereof". Toth did not petition for the allowance of an appeal under Rule 68½ and, therefore, the instant appeal must be quashed. The quashing of this appeal, however, is without prejudice to Toth to seek, at an appropriate time, to establish, if he can, his right to occupy a furloughed status.

Appeal quashed.