Yatzor *v.* Washington Township Commissioners.

Argued February 17, 1971, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MANDERINO, MENCER and ROGERS.

*Louis Vaira,* for appellant.

*James F. Toohey,* with him *Quinn, Plate, Gent, Buseck and Leemhuis,* for appellee.

OPINION BY JUDGE MANDERINO, July 30, 1971:

Mike Yatzor was employed by Washington Township, a second class township in Erie County, to do general police work and was receiving a salary of one hundred dollars a month until January 7, 1966, when the Board of Supervisors of Washington Township advised him that his services would no longer be necessary. Yatzor appealed to the Erie County Court of Common Pleas, requesting reinstatement to his former position, back wages, and any other relief the Court might deem proper. The Erie County Court denied Yatzor any relief because it found that he was not a full-time policeman and thus not entitled to certain legal protections afforded to persons employed as regular full-time officers. The Court also noted in its opinion of May 15, 1970, that since Yatzor's dismissal, no other person has been hired as a replacement by the Township. This appeal is from the order of the Court of Common Pleas which was entered on May 15, 1970, dismissing Yatzor's appeal and denying any relief.

On August 7, 1970, Yatzor appealed the decision of the Court of Common Pleas of Erie County to the Supreme Court. When the appeal was filed, the Township Supervisors filed a motion to quash the appeal for the reason that it was not timely. The motion to quash and Yatzor's appeal were then transferred by the Supreme Court to the Commonwealth Court for disposition pursuant to the Commonwealth Court Act (Act No. 185 of January 6, 1970, P. L.     ).

We find that the motion to quash filed by the Township Supervisors must be granted since Yatzor's appeal was filed eighty-three days after the final order of the Common Pleas Court entered on May 15, 1970.

Yatzor's alleged rights are governed by the provisions of the Police Tenure Act (Act of June 15, 1951, P. L. 586, §1 et seq., 53 P.S. 811 et seq.), which applies

to second-class townships having a police force of less than three members. Section Five (53 P.S. 815) of this Act gives a suspended or dismissed employee the right to appeal to the court of common pleas of the county in which he was dismissed. However, the Act is silent as to any right of appeal to an appellate court from the decision of the court of common pleas. The established procedure for appellate review in situations such as these was by way of Supreme Court Rule 68½. *Toth v. Kostello*, 425 Pa. 278, 228 A. 2d 404 (1967). Rule 68½ provides as follows:

"Where the subject matter does not fall within the statutory jurisdiction of the Superior Court, an appeal to the Supreme Court in the nature of a certiorari from a judgment, order or decision will lie only if specially allowed by the Court or by a Judge thereof, where . . . the relevant statute is silent on the question of appellate review.

In all such cases, the appellant shall file *within 30 days* from the date of the decision or order or judgment or decree sought to be reviewed a petition . . . setting forth the questions involved. . . ." (Emphasis added). It is clear that Yatzor's appeal to the Supreme Court was filed well in excess of the thirty-day limitation provided for in Rule 68½. The decision of the lower court was filed on May 15, 1970 and Yatzor's appeal was not taken until August 7, 1970.

It is also clear that the right of appeal from all courts of record to appellate courts provided for in Section nine of Article V of the Constitution of Pennsylvania gave Yatzor no additional time in which to file his appeal. Although recent decisions of the Supreme Court seem to indicate that appellate review, in situations where a statute is silent as to that right, should be taken by way of Section nine, Article V and its implementing legislation rather than by way of Rule

68½, the time limitation in which an appeal must be taken is still thirty days following the entry of the order of the lower court. *See Appeal of Plains Township School District,* 438 Pa. 294, 265 A. 2d 358 (1970).

Yatzor also contends that his appeal should properly remain in the Supreme Court under the Act of 1895, P. L. 212, §7.4, added 1963, August 14, P. L. 819, §2, 1967, June 30, P. L. , No. 42, §1 (17 P.S. 191.4), which was repealed by the Act of July 31, 1970, P. L. , No. 223, Article V, §509(a)(1). The Act of 1895 provided for exclusive Supreme Court jurisdiction in certain classes of cases, one of which was the right to public office. However, this contention is without merit in light of the Supreme Court's decision in *Vega v. Burgettstown,* 394 Pa. 406, 147 A. 2d 620 (1959). The Court in that case, quoting from the opinion of the lower court, decided that, "a chief of police, . . . in the opinion of this Court, . . . is not a public officer within the meaning of the laws of Pennsylvania." (394 Pa. at 410, 147 A. 2d at 623).

Yatzor's final contention is that when his case was transferred to the Commonwealth Court, the Appellate Court Jurisdiction Act of 1970 vested jurisdiction anew in this court and made his appeal to this court timely under any circumstances. There is simply no merit or precedent to support his contention. The transfer of cases from the Supreme Court to the Commonwealth Court in no way could extend the time in which Yatzor was required to take his appeal. It is well-settled that when a statute fixes the time within which an appeal may be taken, a court may not extend that time period or allow an appeal *nunc pro tunc* absent a showing of fraud or its equivalent. *Commonwealth v. Firmstone,* 199 Pa. Super. 526, 186 A. 2d 258 (1962) ; *Morgan v. Pittsburgh Business Properties, Inc.,* 198 Pa. Super. 254, 181 A. 2d 881 (1962).

The motion to quash the appeal of Mike Yatzor from his dismissal as a police officer in Washington Township is granted.