**HANOVERIAN, INC., Appellant,**

v.

**LEHIGH COUNTY BOARD OF ASSESSMENT.**

Commonwealth Court of Pennsylvania.

Argued Sept. 8, 1997.

Decided Oct. 8, 1997.

Heywood Eric Becker, Point Pleasant, for Appellant.

Renee L. Cohn, Allentown, for Intervenor, County of Lehigh.

Before KELLEY and LEADBETTER, JJ., and RODGERS, Senior Judge.

KELLEY, Judge.

Hanoverian, Inc. (Hanoverian) appeals from an order of the Court of Common Pleas of Lehigh County (trial court) which denied its petition for allowance of assessment appeal nunc pro tunc. We affirm.

On September 27, 1995, Hanoverian purchased property at a judicial sale for a high bid of $500. As of the date of the sale, the property was assessed at $3,961,350, which represented a fair market value of $7,938,-545. In addition to the bid price, Hanoverian was required by the Tax Claim Bureau to pay $158,771 in realty transfer taxes based on the assessed value as of the date of the sale.

Hanoverian sought to challenge the accuracy of the tax assessment. However, the bar dates for a tax assessment appeal for

the tax years of 1995 and 1996 were September 1, 1994 and September 1, 1995, respectively. Since the property was purchased after the statutory bar dates for both tax years, Hanoverian sought to establish the right to file an untimely tax assessment appeal by filing a petition for appeal nunc pro tunc. The trial court denied the petition. This appeal followed.[1]

The issue raised on appeal is whether a tax assessment appeal nunc pro tunc should be permitted when the property was purchased by the appealing taxpayer after the statutory bar dates for filing a tax assessment appeal had passed and the price paid for the property was grossly disproportionate to the assessed value.[2]

▉ Pursuant to section 8 of the Local Taxation Assessment Act[3] (Tax Act), "[a]ny person aggrieved by any assessment, whether or not the value thereof shall have been changed since the preceding annual assessment ... may appeal" on or before September 1 for the subsequent tax year. An appeal of a board of assessment's decision may be taken to the court of common pleas under section 9 of the Tax Act, 72 P.S. § 5350, provided that the assessment was first appealed to the board. The statutory remedy for review of a tax assessment, as set out in sections 8 and 9 of the Tax Act, is mandatory and exclusive. *Deigendesch v. Bucks County*, 505 Pa. 555, 482 A.2d 228 (1984). Judicial extensions of the appeal period are generally not granted. *Connor v. Westmoreland County Board of Assessment Appeal*, 143 Pa.Cmwlth. 86, 598 A.2d 610 (1991).

▉ When a statute fixes the time within which an appeal may be taken, a court may not extend that time period or allow an appeal nunc pro tunc absent a showing that extraordinary circumstances involving fraud or its equivalent, duress, or coercion *caused the delay in filing an appeal. Connor; Yatzor v. Showman*, 2 Pa.Cmwlth. 614, 280 A.2d 130 (1971). Courts have held, for appeal purposes, that negligence on the part of administrative officials may be deemed the equivalent of fraud. *Connor; Sewickley Valley Hospital v. Department of Public Welfare*, 121 Pa.Cmwlth. 337, 550 A.2d 1351, 1353 (1988), *petition for allowance of appeal denied*, 524 Pa. 614, 569 A.2d 1372 (1989). Additionally, courts have held that an appeal nunc pro tunc may be granted in a unique case upon a showing that unusual circumstances prevented a party from timely filing in order to prevent injustice. *Philadelphia v. Rohm & Haas Company*, 5 Pa.Cmwlth. 73, 290 A.2d 428 (1972);[4] *Academy Plaza Associates, Ltd. v. Board of Revision of Taxes*, 94 Pa.Cmwlth. 517, 503 A.2d 1101 (1986).

▉ In the present case, there have been no allegations that fraud or its equivalent, duress, or coercion caused the delay in filing an appeal. Rather, Hanoverian argues that the fact that it subsequently acquired interest in the property after the appeal bar dates had passed for a purchase price that was substantially less than the assessment value constitutes a "unique and exceptional circumstance" and, therefore, contends that the trial court erred in refusing to grant Hanoverian an appeal nunc pro tunc. While we agree that petitions nunc pro tunc may be granted upon a showing of unique and exceptional circumstances in order to prevent injustice, we find that there is nothing so unique or exceptional about the circumstances herein to justify an appeal nunc pro tunc.

1. Our scope of review of a trial court's decision denying an appeal nunc pro tunc is limited to determining whether the trial court abused its discretion or committed an error of law. *Kaminski v. Montgomery County Board of Assessment*, 657 A.2d 1028 (Pa.Cmwlth.1995).

2. While Hanoverian, Inc. presented five issues in its statement of questions presented, this is the primary issue on appeal.

3. Act of June 26, 1931, P.L. 1379, *as amended*, 72 P.S. § 5349(c).

4. In *Rohm & Haas*, the court concluded that it would be unjust to foreclose an avenue of appeal where the defendant had filed a timely appeal under the wrong statute. The two statutes involved in the case were relatively new and there was no precedent available to guide counsel. Although there was no showing of fraud or its equivalent, the court found that without any precedent it was understandable how a party could be misled by the wording of the statute. Due to the unique circumstances which caused the delay in filing the appeal, the court granted an appeal nunc pro tunc in order to prevent injustice.

It is not unusual that the property was acquired at a judicial sale for less than its assessment value, nor is there anything unusual about the fact that the property was purchased after the statutory bar dates had passed. The only aspect of the case we find unique or exceptional is the fact that Hanoverian purchased the property at an extraordinarily low price. However, this is hardly cause to grant an appeal nunc pro tunc, particularly since the low bid price was not the *cause* of the delayed appeal.

Hanoverian was well aware of the tax assessment, the tax bar dates and the transfer taxes on the date of the judicial sale and still proceeded to purchase the property. To allow the statutory deadline to be changed anytime a new property owner thinks its assessment is too high would be to eviscerate the deadline.[5] Accordingly, the order of the trial court is affirmed.

### *ORDER*

AND NOW, this 8th day of October, 1997, the order of the Court of Common Pleas of Lehigh County, dated May 3, 1996, at No. 96–C–957, is affirmed.

---

5. Hanoverian acknowledges it can appeal future tax assessments.