**GRANVILLE TOWNSHIP**

v.

**BOARD OF ASSESSMENT APPEALS OF MIFFLIN COUNTY,**
**Appellant.**

Commonwealth Court of Pennsylvania.

Argued April 3, 2006.

Decided June 5, 2006.

Patricia A. Gardner, Lewistown, for appellant.

Daniel Zinn Searer, Lewistown, for appellee.

BEFORE: COLINS, President Judge, SMITH–RIBNER, Judge, and KELLEY, Senior Judge.

OPINION BY President Judge COLINS.

The Board of Assessment Appeals of Mifflin County appeals the order of the Court of Common Pleas of Mifflin County, Senior Judge Keith Quigley specially presiding, granting Granville Township's appeal and ruling the Township to be immune from taxation of the property at issue.

The Township purchased 5.5 acres of a larger parcel of land in Mifflin County in July of 2003 for use as a sewage treatment plant and recorded the deed on December 17, 2003. The Board of Assessment Appeals issued a notice of assessment change on January 28, 2004, from which the Township appealed based on its tax-exempt use. After a hearing, the Board approved the property's tax-exempt status as of January 1, 2005. The Township appealed to the court of common pleas, challenging the

date of the exemption, which it sought as of January 1, 2004.

Before the trial court, the parties filed stipulated findings of fact, and after hearing argument and accepting briefs, the trial court granted the Township's appeal. The court ruled that the Township was immune from taxation by a local subdivision unless the taxing authority met its burden of proving that the property was being put to a taxable use and that the Township's tax status is not dependent on the timing of assessment appeals or assessment effective dates. The court cited *Southeastern Pennsylvania Transportation Authority v. Board of Revision of Taxes*, 574 Pa. 707, 833 A.2d 710 (2003) *(SEPTA)*, as authority for its decision.

On appeal, the Board argues that the trial court erred when it concluded that the Township was immune from taxation and equated the Township with a municipal authority, that the trial court improperly shifted the burden to the taxing authority to prove that the property was put to a taxable use; and that the trial court erred when it determined that the property's tax status was not dependent on the timing of the Township's appeal of the assessment notice. The Board argues that the trial court's decision should have been limited to the issue of the timing of the exemption to which the parties stipulated.

■ Our review in a tax assessment appeal is to determine whether the trial court abused its discretion or committed an error of law and whether the decision is supported by the requisite evidence. *Appeal of Township of Middletown*, 654 A.2d 195 (Pa.Cmwlth.), *petition for allowance of appeal denied*, 542 Pa. 682, 668 A.2d 1142 (1995). Whether property is tax exempt or immune from taxation is a question of law; our standard of review is de novo and our scope of review is plenary. *SEPTA*.

■ As cited by the trial court, a municipal authority, as an agency of the Commonwealth, has been held to be immune from taxation when it acts in accordance with its powers. *Lehigh–Northampton Airport Authority v. Lehigh County Board of Assessment Appeals*, 585 Pa. 657, 889 A.2d 1168 (2005); *SEPTA; Dauphin County General Authority v. Dauphin County Board of Assessments*, 768 A.2d 895 (Pa.Cmwlth.2000). These holdings have been premised on the stated principal that tax immunity implicates the authority to tax (i.e., real estate is immune from taxation if the taxing body has not been delegated to the authority to levy the tax) and the "presumption" that the delegation of taxing authority to a local subdivision does not include the authority to tax property owned by the Commonwealth, or its agencies and instrumentalities. *Id.*[1] Some of these opinions contrast the doctrine of tax immunity to constitutional and statutory tax exemption, which in the context of real property, exempts from taxation specified property that would otherwise be taxable. *Id.*

Article 8, Section 2(a)(iii) of the Pennsylvania Constitution provides that the General Assembly may by law exempt from taxation that portion of public property that is actually and regularly used for public purposes. Section 201 of The Fourth to Eighth Class County Assessment Law (Law),[2] entitled "Subjects of taxation enumerated," states in pertinent part,

The following subjects and property shall as hereinafter provided be valued

---

**1.** *But see Township of Middletown*, 654 A.2d at 198 n. 3 (parenthetically rejecting the township's claim of tax immunity as an agency of the Commonwealth).

**2.** Act of May 21, 1943, P.L. 571, *as amended.*

and assessed and subject to taxation for all county, borough, town, township, school, (except in cities), poor and county institution district purposes, at the annual rate,

(a) All real estate, to wit: Houses, house trailers and mobilehomes ... buildings, lands, lots of ground and ground rents, trailer parks and parking lots, mills and manufactories of all kinds, all office type construction of whatever kind, ... and all other real estate not exempt by law from taxation.

72 P.S. § 5453.201(a).

Section 202(a)(7) of the Law, exempts from taxation public property used for public purposes. It states in pertinent part,

(a) The following property shall be exempt from all county, borough, town, township, road, poor, county institution district and school (except in cities) tax, to wit:

. . . .

(7) All other public property used for public purposes with the ground thereto annexed and necessary for the occupancy and enjoyment of the same;. . . .

72 P.S. § 5453.202(a)(7).

■ The policy underlying the public property exemption is that by taxing government-owned property, the government would in effect be taxing itself. "[T]he exemption of the property of a municipality is founded on the fact that the municipality is a governmental agency of the State, vested by the State with a part of its sovereignty, and employed in aiding the State in matters of government and the execution of its laws. . . ." *Y.M.C.A. of Germantown v. Philadelphia*, 323 Pa. 401, 414, 187 A. 204, 210 (1936). Whether by exemption (i.e., the property is exempt from taxation) or by the principal of sovereign immunity (i.e., the government is not

a taxable entity), public property is not subject to tax. The Pennsylvania Supreme Court declared in 1862 that one political subdivision may not collect tax from another political subdivision, "If there can be any common law relative to taxation, this must be one of its most elementary precepts; because it is a manifest dictate of common sense, and because the contrary is absurd, unless under very special circumstances." *Directors of the Poor of Schuylkill County v. School Directors of North Manheim Township*, 42 Pa. 21, 25 (1862). The Court went on to say,

If we require the townships, counties, towns, cities, and state, and the road, school, and poor authorities, to tax each other, we shall furnish fees enough for several hundred officers engaged in transferring from one public body to another the taxes which it collected for its public purposes. . . . Surely it is not too much to say this is absurd. The public is never subject to tax laws, and no portion of it can be without express statute. No exemption law is needed for any public property.

*Id.*

In a later case, the Supreme Court upheld a trial court's decision to prevent the City of Pittsburgh from assessing property owned by a school district, even though the statute in question permitted assessment of any property, not distinguishing public and private property. The court applied the presumption that "property of municipalities is in not in any proper sense taxable. It is therefore by clear implication excluded." *Pittsburg v. Sterrett Subdistrict School*, 204 Pa. 635, 640, 54 A. 463, 465 (1903).

[T]o levy a tax upon [property belonging to the state and its municipalities] would render necessary new taxes to meet the demands of this tax, and thus the public

would be taxing itself in order to raise money to pay over to itself, and no one would be benefited but the officers employed, whose compensation would go to increase the useless levy. It cannot be supposed that the legislature would ever purposely lay such a burden upon public property, and it is therefore a reasonable conclusion that, however general may be the enumeration of property for taxation, the property held by the state and by all its municipalities for governmental purposes was intended to be excluded, and the law will be administered as excluding it in fact.

204 Pa. at 641, 54 A. at 465 (quoting Cooley on Taxation, 130).

The concept of the tax immunity of public property has survived constitutional and statutory revisions; what has changed is how it is applied and under what terms. Both concepts, tax immunity and tax exemption, apply only where the public property is put to a public use, and in the present case, the property in question is public property that has been put to a public use. Whether by exemption, exclusion, or immunity, the property in this case is not taxable.[3]

■ Turning to the issue of when the property's tax-exempt or tax-immune status began, the burden of proof of liability for taxes is on the taxing authority where the real estate in question is owned by a governmental body. *Lehigh–Northampton Airport Authority; Commonwealth v.*

*Dauphin County*, 335 Pa. 177, 6 A.2d 870 (1939). It is undisputed that the Township recorded its deed in December 2003, and that the Board issued its assessment change notice because the property was separated from a larger parcel. Because the Board was clearly aware of the change from private to public ownership and the property's proposed public use as of January 2004 when it issued new assessment notices for the larger parcel and the property at issue, the Board had no basis for listing the property as taxable real estate for the 2004 calendar year. *Upper Tulpehocken Township v. Berks County Board of Assessment Appeals*, 842 A.2d 1041 (Pa. Cmwlth.2004).

Accordingly, the order of the trial court is affirmed.

## *O R D E R*

AND NOW, this 5th day of June 2006, the order of the Court of Common Pleas of Mifflin County in the above-captioned matter is affirmed.

---

**3.** "Decisions addressing the taxability of public property use the terms immunity and exemption almost interchangeably. Yet, the failure to recognize that different principles may be at work in different cases has added to the present confusion. The doctrine that certain real estate is neither taxable nor exempt, but immune from taxation, is neither logical nor necessary to protect the public interests which it originally was intended to serve." Cyril A. Fox, "The Uneasy Law of Real Estate Tax Exemptions in Pennsylvania," 39 Univ. Pitt. L.Rev. 175, 213 (Winter 1977). This article traces the historical development of property tax exemption. The author makes the point that the principle that public property used for public purposes is not subject to local taxation predates, and appears to have survived, constitutional regulation of the General Assembly's power to tax and exempt from taxation.