**In Re: Appeal of BOROUGH OF RIEGELSVILLE FROM the BUCKS COUNTY BOARD OF ASSESSMENT AND REVISION OF TAXES**

**Bucks County Tax Map Parcel Nos. 38–004–001, 38–002–072–003 and 38–002–072–004**

Commonwealth Court of Pennsylvania.

Publication Ordered Aug. 4, 2008.
Submitted Feb. 24, 2009.
Decided March 25, 2009.

---

William T. Dudeck, Doylestown, for appellant.

James J. Musial, Trevose, for appellee.

Before PELLEGRINI, Judge, and COHN JUBELIRER, Judge, and LEAVITT, Judge.

OPINION BY Judge COHN JUBELIRER.

The present case involves the *nunc pro tunc* application for real property tax exemption filed by the Borough of Riegelsville (Borough) with the Bucks County Board of Assessment Appeals (Board). The Borough appeals from an order of the Court of Common Pleas of Bucks County (trial court) which affirmed the Board's denial of *nunc pro tunc* relief.

The facts of the case are not in dispute. On December 23, 2006, the Borough acquired three properties by a single deed from the Trustees of the Joseph D. Ceader Family Memorial Fund (Trustees). The Borough acquired the properties for the purpose of creating open space and, in accordance with applicable open space ordinances and statutes, placed restrictions for the use of the properties on the deed. Under Section 204(a)(7) of The General

County Assessment Law (Law),[1] these properties were eligible for tax exemption based on their public ownership and their open space status. The Borough recorded the deed in mid-January 2007.

On March 1, 2007 the Board issued a separate Assessment Notice for each of the three properties that gave new assessment values and listed the reason for each change. One of the forms indicated that the change was because of "parcel split." (# 3 Ceader Place Assessment Notice). The remaining two notices indicated that the "reason(s) for change" was that each was a "new parcel." (# 5A Ceader Place Assessment Notice; # 5B Ceader Place Assessment Notice.)[2] Each Assessment Notice indicated that the assessments were effective January 1, 2007 and each also contained the following language:

APPEAL MUST BE RECEIVED BY 04/10/2007

Any person aggrieved by such change of reassessment may appeal by timely filing a completed Bucks County Assessment Appeal form at the office of the Board.... Forms are available at the Assessment office.

(# 3 Ceader Place Assessment Notice; # 5A Ceader Place Assessment Notice; # 5B Ceader Place Assessment Notice.) The Board mistakenly sent the Assessment Notices to the Trustees, who were incorrectly identified on each Assessment Notice as the owner of each property.

On March 27, 2007, the Trustees forwarded these three Assessment Notices to the Borough. On April 10, 2007, Counsel for the Borough personally went to the office of the Board. Counsel informed an official with the Board that the Trustees were incorrectly listed as owners of the three properties. The Board Official informed Counsel that "all records with the Board in as much as they concerned the Borough's ownership of the [three properties] were 'o.k.'" (Statement of Appeal *Nunc pro tunc* ¶ 7.) Counsel for the Borough "mistakenly took this to mean that the Board also recognized the tax-exempt status of the [three properties] in light of the information on file with the Recorder of Deeds." (Statement of Appeal *Nunc pro tunc* ¶ 8.) In the ensuing months, the Borough learned that the Board had not given the three properties tax exempt status.

On July 13, 2007, the Borough filed an Application for the Exemption of Real Estate for each of the three properties (Applications). In these Applications, the Borough sought to appeal *nunc pro tunc* the tax status of each property for calendar year 2007. By letter dated July 17, 2007, the Board informed Counsel for the Borough that it "agreed to place the [properties] into *exempt status* effective Janu-

1. Act of May 22, 1933, P.L. 853, *as amended,* 72 P.S. § 5020–204(a)(7). Section 204 provides in pertinent part:

(a) The following property shall be exempt from all county, city, borough, town, township, road, poor and school tax, to wit: (7) All other public property used for public purposes, with the ground thereto annexed and necessary for the occupancy and enjoyment of the same, but this shall not be construed to include property otherwise taxable which is owned or held by an agency of the Government of the United States nor shall this act or any other act be con-

strued to exempt from taxation any privilege, act or transaction conducted upon public property by persons or entities which would be taxable if conducted upon non-public property regardless of the purpose or purposes for which such activity occurs, even if conducted as agent for or lessee of any public authority....

72 P.S. § 5020–204.

2. The # 5A and # 5B Ceader Place Assessment Notices also indicated that they were "for schools only"—presumably a reference relating to the school tax.

ary 1, 2008 for county and borough tax purposes and July 1, 2008 for school tax purposes." (Letter from the Board's Director of Assessments to Counsel for the Bureau (July 17, 2007).)

The Borough appealed this decision to the trial court, arguing that the Board's decision not to grant exempt status from the date of purchase, December 23, 2006, was:

a) Contrary to the clear and unambiguous language of section 204(a)(7) of the General County Assessment Law, 72 P.S. § 5020–204(a)(7);

b) Unconstitutional as being in violation of Article VIII, Section 2(a)(iii) of the Constitution of the Commonwealth of Pennsylvania; and

c) Contrary to basic and well-established tenets of law regarding the inherently tax exempt status of public property, used for a public purpose and owned in fee by a public instrumentality.

(Borough's Petition of Appeal ¶ 4(a)-(c).)

■ The trial court denied the appeal. The trial court noted that it was without authority to extend the time for a party to seek an exemption, and that a *nunc pro tunc* appeal could only be granted in exceptional circumstances or on a showing of fraud, per *Academy Plaza Associates, Ltd. v. Board of Revision of Taxes*, 94 Pa. Cmwlth. 517, 503 A.2d 1101, 1102 (1986). The trial court found that neither exceptional circumstances nor fraud was present in this case. The Borough appeals to this Court.[3]

Before this Court, the Borough argues that the case presents unique factual circumstances that, collectively provide a basis for granting *nunc pro tunc* relief.

These facts and circumstances are: 1) the properties were acquired in December 2006; 2) the properties have deed restrictions on them; 3) the Trustees received notice of the assessments in March 1, 2007 but the Borough did not receive these notices from the Trustees until March 27, 2007; 4) the notices identify the wrong owners and give no notice of the need to apply for an exemption; 5) the Borough's Counsel "was told that all records with the Board in as much as they concerned the Borough's ownership of the [properties] were 'o.k.'" (Borough's Br. at 7.); 6) there is no dispute that the properties are tax-exempt; 7) the Board did not deny as untimely the Borough's request for an exemption; and 8) the taxing bodies are receiving taxes which they would not otherwise receive.

■ The law is clear that *nunc pro tunc* relief may only be granted in limited circumstances. "When a statute fixes the time within which an appeal may be taken, a court may not extend that time period or allow an appeal *nunc pro tunc* absent a showing that extraordinary circumstances involving fraud or its equivalent, duress, or coercion *caused the delay in filing an appeal.*" *Hanoverian, Inc. v. Lehigh County Board of Assessment*, 701 A.2d 288, 289 (Pa.Cmwlth.1997). "Timeliness of such a request goes to jurisdiction and affects the competency of the appellate court to act. The court has no jurisdiction to set back and to resurrect the question of an exemption." *Academy Plaza*, 503 A.2d at 1102. However, "an appeal *nunc pro tunc* may be granted … in order to prevent injustice" in unique cases, "upon a showing that unusual circumstances pre-

---

**3.** Our scope of review of a trial court's decision denying an "appeal *nunc pro tunc* is limited to" determining whether the trial court "abused its discretion or committed an error of law." *Kaminski v. Montgomery County Board of Assessment Appeals,* 657 A.2d 1028, 1031 (Pa.Cmwlth.1995).

vented a party from timely filing." *Hanoverian,* 701 A.2d at 289.

We agree with the Borough that this case presents unusual circumstances that caused a delay in the Borough filing a timely appeal. In particular, we find that the statement by the Board Official to the Borough's Counsel created a reasonable presumption that the properties' exemption status had been changed.

■ Our conclusion derives from the law of assessments and exemptions, and the corresponding burdens of proof. The taxable status of a property is determined at the time of the assessment, and changes during the course of a year that may bring a property into an exempt classification will only become effective for tax purposes in the following year. *In re Appeal of Sports & Exhibition Authority of Allegheny County,* 789 A.2d 316, 318–19 (Pa. Cmwlth.2001); *Academy Plaza,* 503 A.2d at 1103. The burden of establishing eligibility for an exemption is on the taxpayer seeking it, because the general rule is that all real estate is subject to taxation. *Four Freedoms House of Philadelphia, Inc. v. City of Philadelphia,* 443 Pa. 215, 218, 279 A.2d 155, 157 (1971) (citation omitted). However, property owned by a governmental body is presumed to be exempt from taxation. *Wellsboro Area School District v. Tioga County Board for the Assessment and Revision of Taxes,* 651 A.2d 592, 595–96 (Pa.Cmwlth.1994). The burden of proof for establishing the tax liability of a government-owned property lies with the taxing authority. *Granville Township v. Board of Assessment Appeals of Mifflin County,* 900 A.2d 1012, 1016 (Pa.Cmwlth.2006).

■ In this case, the Borough acquired the properties at the end of December 2006 and recorded the deeds shortly thereafter. Thus, at the time of the Assessment, January 1, 2007, the properties were actually owned by the Borough. About a month-and-a-half after the deeds were recorded, the Board sent out the revised Assessment Notices for these properties, albeit to the former owner that the forms incorrectly identified as the current owner. Although the Borough did not file an appeal using the form prepared by the Borough by the April 10, 2007 deadline, Counsel did inquire with the Board, prior to the deadline, as to the records relating to these properties. The Board Official's response reasonably left the impression that the Board was aware of the change in ownership and that it would not be necessary for the Borough to follow the formal procedures for correcting disputed information in the Assessment Notices. Such a presumption is consistent with the law which, as noted above, presumes that government-owned property is exempt from taxation. Thus, the Board Official, by stating that the ownership issue was corrected, also reasonably implied that the properties were exempt from taxation.

We find additional support for this conclusion in our *Granville* decision. In *Granville* we addressed, *inter alia,* the issue of when the exempt status of government acquired property begins. We inferred that a tax claim bureau was aware of a township's purchase of realty, as evidenced by its issuance of an assessment change notice after the township recorded the deeds and, thus, concluded that the tax claim bureau had no basis to tax the publicly owned property. *Id.,* 900 A.2d at 1016. Although not expressly concluding that the change in status was immediately effective at the time the township acquired the property, that conclusion can be inferred based on our holding—the township should have known that the property was exempt by the change in ownership, which change it was clearly aware of. In the present case, as in *Granville,* we can infer

that the Board knew of the change in ownership as to the properties by sending out the Assessment Notices. While the Board may have mistakenly sent the Assessment Notices to the prior owner, the deed itself indicated that ownership of the properties was transferred to the Borough by sale dated December 23, 2006. There is nothing in the record to indicate that the changes leading to the issuance of the Assessment Notices (e.g., the "parcel split" and the "new parcel") occurred prior to the purchase of the properties by the Borough.

We find that this combination of factors created unusual circumstances for which the *nunc pro tunc* appeal should have been allowed.

Additionally, we find that allowing the *nunc pro tunc* appeal prevents an injustice, in particular that anomaly of a governmental body using money acquired through taxes to pay taxes to, among others, itself:

> [T]o levy a tax upon [property belonging to the state and its municipalities] would render necessary new taxes to meet the demands of this tax, and thus the public would be taxing itself in order to raise money to pay over to itself, and no one would be benefited but the officers employed, whose compensation would go to increase the useless levy. It cannot be supposed that the legislature would ever purposely lay such a burden upon public property, and it is therefore a reasonable conclusion that, however general may be the enumeration of property for taxation, the property held by the state and by all its municipalities for governmental purposes was intended to be excluded, and the law will be administered as excluding it in fact.

*Granville*, 900 A.2d at 1016 (alteration in original) (quoting *Pittsburg v. Sterrett*

*Subdistrict School*, 204 Pa. 635, 641, 54 A. 463, 465 (1903)).

For these reasons, we conclude that the Borough's request to appeal *nunc pro tunc* should be granted, and that the properties should be exempted from taxation for 2007. Accordingly, we reverse the order of the trial court.

### *ORDER*

**NOW,** March 25, 2009, the order of the Court of Common Pleas of Bucks County in the above-captioned matter is hereby **REVERSED.**