J.V. Lounge, Inc.                          :
                                           :
              v.                           :
                                           :
Pennsylvania Liquor                        :
Control Board,                             :    No. 824 C.D. 2015
                          Appellant        :    Argued: November 17, 2015


BEFORE:    HONORABLE MARY HANNAH LEAVIT, Judge
           HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE ANNE E. COVEY, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                FILED: December 10, 2015


The Pennsylvania Liquor Control Board (Board) appeals from the Allegheny County Common Pleas Court's (trial court) April 15, 2015 order granting J.V. Lounge, Inc.'s (Licensee) appeal *nunc pro tunc*, and requiring the Board to renew Licensee's Restaurant Liquor License No. R-19642 (License). There are three issues for this Court's review: (1) whether the trial court erred as a matter of law or abused its discretion when it granted Licensee's *nunc pro tunc* appeal; (2) whether the trial court erred when it granted renewal of Licensee's late-filed applications; and, (3) whether the trial court erred when it ordered the License's renewal without proof of Pennsylvania Department of Revenue (Revenue) tax clearance. After review, we vacate the trial court's order and affirm the Board's order.

Licensee holds the License for use at a premises located at 6024 Saltsburg Road, Verona, Pennsylvania. Because the License expired on May 31, 2009, it was placed in safekeeping pursuant to Section 474.1(d) of the Liquor Code,

47 P.S. § 4-474.1(d).[1]  On March 26, 2013, Licensee untimely filed the following documents with the Board's Bureau of Licensing (Licensing): A renewal application for the licensing period effective June 1, 2009; a validation application for the licensing period effective June 1, 2010; a renewal application for the licensing period effective June 1, 2011; and, a validation application for the licensing period effective June 1, 2012.  On that same date, Licensee filed an application to extend the safekeeping period.

By October 2, 2013 letter (Objection Letter), Licensing notified Licensee that it objected to the applications based on the following:

> 1.  The applicant has failed to verify and [Revenue] has not informed the Board that all State tax reports have been filed and all [S]tate taxes have been paid, timely appealed or approved for deferred payment as required by Section 477 of the Liquor Code[2] . . . for the licensing periods effective June 1, 2009, June 1, 2010, June 1, 2011, and June 1, 2012.

> 2.  The renewal application for the licensing period effective June 1, 2009 was filed on March 26, 2013, whereas it should have been filed on or before April 2, 2009.

> 3.  The validation application for the licensing period effective June 1, 2010 was filed on March 26, 2013, whereas it should have been filed on or before April 2, 2010.

> 4.  The renewal application for the licensing period effective June 1, 2011 was filed on March 26, 2013, whereas it should have been filed on or before April 4, 2011.

> 5.  The validation application for the licensing period effective June 1, 2012 was filed on March 26, 2013,

[1] Act of April 12, 1951, P.L. 90, *as amended*, added by Section 21 of the Act of December 9, 2002, P.L. 1653.  Section 474.1(d) of the Liquor Code provides: "Any period of time in which the licensee allows the license to lapse by not filing a timely license renewal or license validation shall be considered time in which the license was held in safekeeping for purposes of this section."

[2] Added by Section 77 of the Act of June 29, 1987, P.L. 32, 47 P.S. § 4-477.

whereas it should have been filed on or before April 2, 2012.

6. You have failed to submit the renewal application for the licensing period effective June 1, 2013, whereas it should have been filed on or before April 2, 2013.

Reproduced Record (R.R.) at 27a-28a. The Objection Letter further stated:

The [Board] HAS NO AUTHORITY to remedy any dispute over a failure to issue a tax clearance by either [Revenue], or the Department of Labor and Industry, or both. This is a matter strictly between you, the licensee, and the taxing authority. Do not assume that payment of all taxes constitutes clearance. Renewal of your license by the [Board] requires notification from the taxing agency(s) to the [Board].

*Id*. at 29a. In addition, the Objection Letter explained the limitations and requirements pertaining to safekeeping, and informed Licensee that a hearing would be held. Enclosed with the Objection Letter were copies of Section 464 of the Liquor Code[3] and Section 3.41 of the Board's Regulations.[4]

By January 27, 2014 letter, Licensing notified Licensee that the hearing would be held on February 20, 2014 to address the following:

1. The Board shall take evidence to determine whether it may accept the renewal and validation applications *nunc pro tunc* under the standard set forth in *Cook v. Unemployment Compensation Board of Review*, . . . 671 A.2d 1130 ([Pa.] 1996).

2. The Board shall take evidence to determine whether it may accept the safekeeping applications *nunc pro tunc* under the standard set forth in *Cook v. Unemployment Compensation Board of Review*, . . . 671 A.2d 1130 ([Pa.] 1996).

3. The applicant has failed to verify and [Revenue] has not informed the Board that all State tax reports have been filed

---

[3] 47 P.S. § 4-464 (governing Board license hearings and appeals).
[4] 40 Pa. Code § 3.41 (relating to application hearings).

3

and all State taxes have been paid, timely appealed or approved for deferred payment as required by Section 477 of the Liquor Code . . . for the licensing periods effective June 1, 2009, June 1, 2010, June 1, 2011 and June 1, 2012.

4. The renewal application for the licensing period effective June 1, 2009 was filed on March 26, 2013, whereas it should have been filed on or before April 2, 2009.

5. The validation application for the licensing period effective June 1, 2010 was filed on March 26, 2013, whereas it should have been filed on or before April 2, 2010.

6. The renewal application for the licensing period effective June 1, 2011 was filed on March 26, 2013, whereas it should have been filed on or before April 4, 2011.

7. The validation application for the licensing period effective June 1, 2012 was filed on March 26, 2013, whereas it should have been filed on or before April 2, 2012.

8. The applicant has failed to submit the renewal application for the licensing period effective June 1, 2013, as required by Section 3.2 of Title 40, Pennsylvania Code.

R.R. at 25a (italics added).

On February 20, 2014, a Board hearing examiner held a hearing on Licensing's objections. By April 15, 2014 order, the Board refused Licensee's untimely-filed renewal and validation applications.[5] On August 21, 2014, more than 3 months after expiration of the appeal period,[6] Licensee filed an appeal *nunc pro tunc* with the trial court. The trial court held a hearing at which it accepted the

---

[5] Section 470(a) of the Liquor Code, 47 P.S. § 4-470(a), provides for a grace period, which permits the Board, in its discretion, to accept a late-filed application filed within two years after the expiration date of the license with the payment of the required fees and a late fee.

[6] Section 464 of the Liquor Code permits a licensee to file an appeal with the court of common pleas within 20 days from a Board decision refusing to renew a license. Thus, Licensee's appeal period ended on May 5, 2014.

Board's record from below. **No new evidence was presented**, but the parties were permitted to submit post-hearing briefs. On April 15, 2015, the trial court issued its memorandum order reversing the Board's decision, stating:

> After an analysis of the record and testimony, I find that [Licensee's] untimely appeal was not due to negligent circumstances. Furthermore, I find that they [sic] became aware of the issue with their [sic] [] License when they [sic] attempted to sell it in 2013. Since then, they [sic] have filed all of the renewal and validation applications and late fees with the Board. I find that [Licensee's] renewal applications were filed within a reasonable period of time after they [sic] discovered the error. Finally, I find that the Board did not provide an argument why it would suffer prejudice if *nunc pro tunc* relief is granted in this case. In addition[,] [Licensee] is not trying to re-open, and equity and fairness dictate that he [sic] be permitted to recapture some of his [sic] investment.

R.R. at 165a. The Board appealed to this Court.[7]

The Board first argues that the trial court erred when it granted Licensee's *nunc pro tunc* appeal under circumstances in which Licensee filed its appeal more than 3 months after the appeal period expired, and provided no explanation for its untimely filing. We agree.

This Court recently addressed very similar factual circumstances in *Arena Beverage Corp. v. Pennsylvania Liquor Control Board*, 97 A.3d 444 (Pa. Cmwlth. 2014). In *Arena*, as in the instant matter, the Board refused the licensee's late-filed renewal and validation applications and, after the licensee filed an untimely appeal from the Board's decision, the trial court reversed the Board. In reversing the trial court's decision, this Court explained:

---

[7] "Where the trial court permits an untimely appeal to be filed *nunc pro tunc*, our review is limited to determining whether the trial court abused its discretion or committed an error of law." *Puckett v. Dep't of Transp., Bureau of Driver Licensing*, 804 A.2d 140, 143 n.6 (Pa. Cmwlth. 2002).

5

'Where the legislature has fixed a time period within which an appeal may be filed, that period is **mandatory** and **may not be extended as a matter of grace or indulgence.'** *Olson v. Borough of Homestead*, . . . 443 A.2d 875, 878 ([Pa. Cmwlth.] 1982) (emphasis added); s*ee also Hillanbrand v.* [*Pa.*] *Bd. of Prob. & Parole*, . . . 508 A.2d 375 ([Pa. Cmwlth.] 1986); *Coshey v. Beal*, . . . 366 A.2d 1295, 1297 ([Pa. Cmwlth.] 1976) ('[T]he timeliness of an appeal goes to the jurisdiction of the body appealed to and its competency to act').

'[A]n appeal *nunc pro tunc* is a recognized exception to the general rule prohibiting the extension of an appeal deadline. . . . [It] is intended as a **remedy to vindicate the right to an appeal where that right has been lost due to certain extraordinary circumstances.'** *Union Elec. Corp. v. Bd. of Prop. Assessment*, . . . 746 A.2d 581, 584 ([Pa.] 2000) (quotation marks omitted, emphasis added). ''[A]n appeal *nunc pro tunc* may be granted . . . in order to prevent injustice' in unique cases, 'upon a showing that **unusual circumstances prevented a party from timely filing.''** *In re Borough of Riegelsville from Bucks Cnty. Bd. of Assessment & Revision of Taxes*, 979 A.2d 399, 402-03 (Pa.[]Cmwlth.[]2009) (emphasis added) (quoting *Hanoverian, Inc. v. Lehigh Cnty. Bd. of Assessment*, 701 A.2d 288, 289 (Pa.[]Cmwlth.[] 1997)). This Court has explained:

> [*N*]*unc pro tunc* relief may only be granted in limited circumstances. '**When a statute fixes the time within which an appeal may be taken, a court may not extend that time period or allow an appeal** *nunc pro tunc* **absent a showing that extraordinary circumstances involving fraud or its equivalent, duress, or coercion** *caused the delay in filing an appeal***.'**

*Id.* at 402 (bolded emphasis added).

In determining whether extraordinary circumstances exist, a court **must** consider whether there was fraud or a breakdown in the court's operations or whether the party seeking relief has proven that:

6

(1) the appellant's notice of appeal was filed late as a result of non-negligent circumstances, either as they relate to the appellant or the appellant's counsel; (2) the appellant filed the notice of appeal shortly after the expiration date; and (3) the appellee was not prejudiced by the delay.

*Criss v. Wise*, . . . 781 A.2d 1156, 1159 ([Pa.] 2001); *see also Baum v. Dep't of Transp.*, 949 A.2d 345 (Pa.[]Cmwlth.[]2008).

Thus, in the instant matter, the trial court was **required** to first address whether 'extraordinary circumstances involving fraud or its equivalent, duress, or coercion *caused the delay in filing an appeal.' Borough of Riegelsville*, 979 A.2d at 402 (quoting *Hanoverian, Inc.*, 701 A.2d at 289). Only if the trial court concluded that such extraordinary circumstances existed, did it have jurisdiction to decide the substantive issues of whether the Board properly refused Licensee's renewal application.

*Arena*, 97 A.3d at 448-49. The burden is on the filing party to demonstrate that it meets the requirements for *nunc pro tunc* relief. *Lopresti v. Unemployment Comp. Bd. of Review*, 55 A.3d 561 (Pa. Cmwlth. 2012).

Importantly, here, as in *Arena*, there were two separate *nunc pro tunc* issues before the trial court  The first pertained to whether the circumstances surrounding **Licensee's untimely appeal** from the Board's decision to the trial court warranted *nunc pro tunc* relief. Only if the trial court concluded that circumstances "involving fraud or its equivalent, duress, or coercion ***caused the delay in filing an appeal***[,]" did the trial court have jurisdiction to consider the second *nunc pro tunc* issue – whether the Board should have accepted the **untimely renewal and validation applications**. *Id*. at 449. Because Licensee offered the trial court **no** evidence to justify the late-filing of its appeal, it failed to meet its burden. Moreover, the trial court **did not analyze** whether "extraordinary circumstances involving fraud or its equivalent, duress, or coercion *caused the* [*3 month*] *delay in filing an*

7

*appeal*[,]*"* but rather found, based on **absolutely no record evidence**, that the "**untimely appeal** was not due to negligent circumstances." *Id*., R.R. at 165a (emphasis added). Given the absence of any record evidence to support the trial court's conclusion, we conclude that the trial court abused its discretion and erred as a matter of law. As a result, the trial court did not have jurisdiction to decide the substantive issue of whether the Board properly refused Licensee's late-filed applications.

For all of the above reasons, the trial court's order is vacated, and the Board's April 15, 2014 order is affirmed.[8]

_____
ANNE E. COVEY, Judge

---

[8] Even if Licensee had offered evidence sufficient to justify *nunc pro tunc* relief, the trial court was prohibited from directing the Board to renew the License without evidence that Licensee had statutorily-mandated tax clearances. *See* 47 P.S. § 4-477.

<u>IN THE COMMONWEALTH COURT OF PENNSYLVANIA</u>

| | | |
|---|---|---|
| J.V. Lounge, Inc. | : | |
| | : | |
| v. | : | |
| | : | |
| Pennsylvania Liquor | : | |
| Control Board, | : | No. 824 C.D. 2015 |
| Appellant | : | |

<u>O R D E R</u>

AND NOW, this 10th day of December, 2015, the Allegheny County Common Pleas Court's April 15, 2015 order is vacated, and the Pennsylvania Liquor Control Board's April 15, 2014 order is affirmed.

_____
ANNE E. COVEY, Judge