IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Lawrence Lee and Victoria | : | |
| Evstafieva, | : | |
| Appellants | : | |
| | : | |
| v. | : | No. 1041 C.D. 2016 |
| | : | ARGUED: March 6, 2017 |
| Luzerne County Tax Claim Bureau | : | |

BEFORE: HONORABLE RENÉE COHN JUBELIRER, Judge
HONORABLE JULIA K. HEARTHWAY, Judge
HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
JUDGE HEARTHWAY                    FILED: March 28, 2017


Lawrence Lee and Victoria Evstafieva (Appellants) appeal from the June 1, 2016 order of the Court of Common Pleas of Luzerne County (trial court), which denied Appellants' "Petition to Set Aside Tax Sale and Reassess Property" (Petition).


At a 2005 judicial sale, Appellants purchased property on Westminster Road in Plains Township (Property) for $4,500.00. Prior to purchase, the Property was owned by Westminster Memorial Gardens, Incorporated (Westminster) and was utilized and registered as a cemetery. However, the cemetery registration had lapsed around 1990, the Property was abandoned, and the Property's taxes were not paid.

After purchase, Appellants realized that burials were still taking place on the Property because Westminster had pre-sold burial plots. Thus, the cemetery was still active. Appellants have not sold any burial plots, and did not intend to continue the Property as a cemetery.

In 2012, Appellants, after realizing that burial grounds are exempt from taxation, stopped paying property taxes. The Property was then scheduled for an upset tax sale in September 2012 for delinquent taxes. On August 29, 2012, Appellants filed the Petition. Appellants alleged that pursuant to section 204(a)(2) of The General County Assessment Law (Law),[1] 72 P.S. § 5020-204(a)(2), the Property should be exempt from all taxes as a burial ground. Further, pursuant to section 1 of the Act of May 10, 1923, P.L. 198, *as amended*, 9 P.S. § 15, the Property, as a neglected burial ground, should have been placed in the care of the Township and not sold at the 2005 judicial sale. Thus, Appellants requested: (1) the Property be exempt from tax; (2) a refund of taxes paid from the time of purchase to present; and (3) reversal of the 2005 judicial sale and refund of the price paid and all costs associated with the sale. The September upset tax sale was stayed pending the outcome of the Petition. No further action was taken until 2016.

On April 15, 2016, the trial court held a hearing. The Luzerne County Tax Claim Bureau (Bureau) argued that: (1) Appellants did not apply for tax exempt status; (2) the suit exceeded the statute of limitations for a judicial tax sale;

---

[1] Act of May 22, 1933, P.L. 853, *as amended*.

and (3) Appellants have no grounds to challenge Westminster's tax status or the 2005 tax sale because the taxes were levied against Westminster, not Appellants.

On June 1, 2016, the trial court denied Appellants' Petition. Appellants appealed to this Court.[2]

Before this Court, Appellants argue that the trial court erred and abused its discretion in denying the Petition.[3] We disagree.

The statute of limitations for "[a]n action or proceeding to set aside a judicial sale of property" is six months. 42 Pa. C.S. § 5522(b)(5).[4] Appellants filed their Petition in 2012, seven years after purchasing the Property at the 2005

---

[2] Our review of the trial court's denial of a petition to set aside a tax sale and reassess property is whether the trial court abused its discretion, rendered a decision without supporting evidence, or erred as a matter of law. *In Re: York County Tax Claim Bureau*, 3 A.3d 765, 767 n.3 (Pa. Cmwlth. 2010).

[3] At argument before this Court, Appellants stated that the Bureau failed to timely raise its statute of limitations defense. We note that Appellants failed to raise this argument before the trial court and in its brief and statement of issues to this Court; this issue is thus waived. However, we note that Pa. R.C.P. No. 1030 provides that "all affirmative defenses including…statute of limitations…shall be pleaded in a responsive pleading under the heading 'New Matter' and that the Bureau, in its Answer and New Matter, under the heading 'New Matter,' stated that 'Petitioner's claims are barred by the statute of limitations.'" (R.R. at 23a.)

[4] We note that even if this were an upset tax sale, the statute of limitations would still bar Appellants' Petition. Pursuant to 42 Pa. C.S. § 5527, an action to set aside an upset tax sale must commence within six years of the sale. *See Pfeifer v. Westmoreland County Tax Claim Bureau*, 127 A.3d 848, 851 (Pa. Cmwlth. 2015).

judicial tax sale. Thus, Appellants' challenge of the 2005 judicial tax sale is barred by the statute of limitation.[5]

Finally, to the extent that Appellants are requesting that tax exempt status be applied to the Property from the time of their purchase to present, the record is void of any evidence showing that Appellants applied for tax exempt status, or contested the Property's tax assessment. A property owner must affirmatively request tax exempt status. *City of Pittsburgh v. Board of Property Assessment Appeals and Review of the County of Allegheny*, 412 A.2d 655, 658 (Pa. Cmwlth. 1980). "When exemptions have not been timely sought through statutory appeals, the courts have no jurisdiction to reach back over a period of years . . . to resurrect that question." *In re Petition of Mausoleum Construction Company*, 423 A.2d 809, 812 (Pa. Cmwlth. 1980). "The taxable status of property is determined at the time of the assessment, and changes during the course of a year that may bring a property into an exempt classification will only become effective for the following year." *In re Appeal of Borough of Riegelsville from the Bucks County Board of Assessment and Revision of Taxes*, 979 A.2d 399, 403 (Pa. Cmwlth. 2009). Thus, this Court cannot grant Appellants' request for retroactive

---

[5] Due to this determination, we need not address Appellants' request for a refund of the bid price and all costs associated with the 2005 judicial tax sale. We further note that Appellants would be barred from such refund by the doctrine of laches. See Section 205 of the Real Estate Tax Sale Law, Act of July 7, 1947, P.L. 1368, art. II, *as amended*, 72 P.S. § 5860.205. We also note that Appellants lack standing to pursue a challenge of taxes levied against Westminster. *See Plank v. Monroe County Tax Claim Bureau*, 735 A.2d 178, 181-82 (Pa. Cmwlth. 1999) (finding that purchasers lacked standing because they were not owners or lien creditors at the time of the sale).

4

tax exempt status, nor can it grant Appellants' tax exempt status currently or in the future without Appellants properly requesting such tax relief.

Accordingly, we must affirm the trial court.

_____
JULIA K. HEARTHWAY, Judge

Judge Cosgrove did not participate in the decision of this case.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lawrence Lee and Victoria     :
Evstafieva,     :
         Appellants     :
    :
      v.     :   No. 1041 C.D. 2016
    :
Luzerne County Tax Claim Bureau     :

## O R D E R

AND NOW, this 28th day of March, 2017, the order of the Luzerne County Court of Common Pleas in the above-captioned matter is affirmed.

_____
JULIA K. HEARTHWAY, Judge