IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richland Properties, Inc., : 
                  Appellant : 
                   : 
        v.            : No. 854 C.D. 2017
                   : Argued:  May 8, 2018
North Allegheny School District, : 
McCandless Township, and : 
The County of Allegheny : 


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE ELLEN CEISLER, Judge
               HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                FILED:  July 17, 2018


Richland Properties, Inc. (Richland) appeals from the Court of Common Pleas of Allegheny County's (trial court) order denying Richland's right to file, *nunc pro tunc*, a property tax assessment appeal for the 2016 tax year challenging the assessment for a property it purchased under the mistaken belief that it was tax exempt.  For the following reasons, we affirm.

On October 11, 2016, Richland closed on the purchase of a property located at 9700 McKnight Road, Wexford, Pennsylvania, 15090, and designated as Block and Lot No. 945-E-21 (hereinafter, Property), for $550,000.  Richland

purchased the Property at a public auction from Rave Pittsburgh North, L.L.C. (Seller) who operated movie theaters on the Property.

The Property that Richland purchased was part of a lot that Seller had divided into two parcels. Approximately a year earlier on September 28, 2015, Seller sold one of the parcels to the Port Authority of Allegheny County (Port Authority) for use as a park and ride lot. Because the Port Authority is exempt from real estate taxes, the Office of Property Assessment of Allegheny County assessed the Port Authority's parcel as tax exempt for the 2016 tax year.

However, apparently because it was part of the original lot, the Property was also classified as "exempt from realty tax" to be paid based on its $4,000,000 assessed value. (Reproduced Record (R.R.) at 24a.) The County of Allegheny (County) then informed Seller that the entire parcel was exempt from property tax and that Seller was entitled to a refund for the taxes already paid. On August 9, 2016, Seller received a $16,353.63 refund check from the County.

When Richland attempted to close on the Property, the title company required that $25,000 be held in escrow until it could procure:

> Proof that the Allegheny County [A]ssessment Office has corrected the property assessment to show that the property owned by Seller and known as Block 945-E Lot 21 as a [sic] taxable and that the 2016 County Tax for the property has been paid in full.

2

(R.R. at 29a.) Nothing in the record indicates whether the Property's classification was changed from exempt to taxable or if the taxes had been paid in full. On October 11, 2016, Richland closed on the Property and a special warranty deed was recorded.

On December 5, 2016, Richland filed a Request for a Late Filed Appeal for the Property with the Board of Property Assessment, Appeals and Review of Allegheny County (Board) seeking to challenge the status of the Property as subject to real estate taxes. It claimed that the taxing bodies only became aware that the Property had erroneously been classified as exempt when Richland filed its request to "late file" its appeal. The Board denied the request because it could not "identify an administrative breakdown that justified a *nunc pro tunc* appeal in this matter." (R.R. at 34a.) In its denial letter, the Board acknowledged that the Office of Property Assessment of Allegheny County erroneously classified the Property as "exempt," but the error occurred well after the March 31, 2016 deadline for appeal of the 2016 tax year.[1] The Board noted

---

[1] We surmise that the Board was attempting to state that the Property was changed from taxable to exempt sometime after March 31, 2016, but there is nothing in the record as to precisely when this change occurred. We admit we are nonplussed because, pursuant to the common law tax assessment day rule, a property's taxability is determined on January 1 of each year, and if property is taxable on the date of assessment, then taxes must be paid for the entire year, even if the property becomes tax exempt during that year. *Appeal of Title Services, Inc.*, 252 A.2d 585, 587 (Pa. 1969). Likewise, if property is exempt for day one of the assessment, it remains exempt the entire year. *Id*.

Notwithstanding the tax assessment day rule, it appears that the Board changed the Property's classification from taxable to exempt sometime during the 2016 tax year. However, where the Board makes a mathematical or clerical error, it may change the assessment or move a property from exempt to taxable and vice versa. *See Callas v. Armstrong County Board of Assessment*, 453 A.2d 25 (Pa. Cmwlth. 1982). In this case, it is undisputed that the Property was
**(Footnote continued on next page…)**

3

that to the extent Richland relied upon the incorrect classification, that reliance was not reasonable given the patent commercial nature of the subject property.

Richland appealed to the trial court. In Paragraph 12 of that appeal, it contended that "[t]he current assessment of $4,000,000 is vastly in excess of the market value of said property and would have been changed if a timely appeal had been filed." (R.R. at 11a.) Following oral argument, the trial court denied Richland's request for a *nunc pro tunc* assessment appeal for the 2016 tax year for the same reason the Board denied the request. This appeal followed.[2]

Addressing the issue on the record before us, Richland contends that the County's negligence in misclassifying the Property as exempt amounts to fraud, which would constitute an award of *nunc pro tunc* relief so that Richland

_____

**(continued…)**

misclassified as "exempt" due to a clerical error. To correct its clerical error, the Board would have to issue a new corrected assessment from which the taxpayer could appeal. At oral argument, the Board stated that sometime in 2016, the Property was changed from exempt back to taxable, but the Board apparently never notified Richland or anyone else of this change. It also stated that it managed to issue a stop payment for the $16,353.63 refund check from the County, and the matter could be settled because the County's taxes had been paid. Based on that representation, we issued an order that gave the parties until June 8, 2018, to resolve the matter. On June 12, 2018, we received a joint status report, notifying the Court that the parties were unable to reach an agreement.

[2] Our scope of review is limited to determining whether the trial court committed an error of law or abused its discretion. *Kaminsky v. Montgomery County Board of Assessment*, 657 A.2d 1028 (Pa. Cmwlth. 1995).

may file its appeal well past the March 31, 2016 deadline.[3] It is true that for appeal purposes, negligence on the part of administrative officials may be deemed to be the equivalent of fraud. *Hanoverian, Inc. v. Lehigh County Board of Assessment*, 701 A.2d 288, 289 (Pa. Cmwlth. 1997). However, that negligence must have been the reason for the delay in filing the appeal in a timely manner. *See Branch v. Workmen's Compensation Appeal Board*, 393 A.2d 55 (Pa. Cmwlth. 1978) (holding that while the administrative negligence prevented a claimant from receiving notice of the hearings, it did not prevent her from learning of the referee's decisions against her and making a timely appeal therefrom). In situations where the courts have granted *nunc pro tunc* relief based upon administrative negligence that has deprived a party of the right to file an appeal, the circumstances have been such that the would-be appellant reasonably relied on the government's error. *See Union Electric Corporation v. Board of Property Assessment, Appeals & Review of Allegheny County*, 746 A.2d 581 (Pa. 2000).

In this case, because Seller owned the Property at all times during the appeal period, Richland's claim for *nunc pro tunc* relief to file its appeal is dependent on whether Seller was in any way misled from filing an appeal by the March 31, 2016 deadline. Based upon the record, such as it is, Seller could not have relied on the misclassification as exempt, or, for that matter, the $4,000,000

---

[3] The Allegheny County Administrative Code § 5-210.09(C) sets the deadline for an interested party to timely file a property assessment appeal with the Board as March 31st of the year at issue. "When a statute fixes the time within which an appeal may be taken, a court may not extend that time period or allow an appeal *nunc pro tunc* absent a showing that extraordinary circumstances involving fraud or its equivalent, duress, or coercion *caused the delay in filing an appeal*." *Hanoverian, Inc. v. Lehigh County Board of Assessment*, 701 A.2d 288, 289 (Pa. Cmwlth. 1997) (citations omitted) (emphasis in original).

assessment as the reason for not filing an appeal because Seller paid the tax based on the $4,000,000 assessment. Seller only became aware that the Property was listed as exempt when the County refunded the taxes it already paid. Therefore, it is not feasible that Seller could have reasonably relied upon the misclassification when it failed to appeal prior to the March 31, 2016 deadline.

Because Seller did not rely upon the County's misclassification of the Property as tax exempt in failing to take a timely appeal, there is no basis to grant Richland's appeal *nunc pro tunc*. Accordingly, for the foregoing reasons, we affirm.

_____
DAN PELLEGRINI, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richland Properties, Inc., : 
                       Appellant : 
                             : 
            v. : No. 854 C.D. 2017
                             : 
North Allegheny School District, : 
McCandless Township, and : 
The County of Allegheny : 

# **O R D E R**

AND NOW, this 17th day of July, 2018, the Court of Common Pleas of Allegheny County's order dated March 24, 2017, is affirmed.

_____
DAN PELLEGRINI, Senior Judge